OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted:  November 17, 2017
Date Decided:  December 5, 2017

P. Bradford DeLeeuw, Esquire
Rosenthal, Monhait & Goddess, P.A.
919 North Market Street, Suite 1401
Wilmington, DE  19801

Kathaleen St. J. McCormick, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE  19801

Re:  *Silverberg v. ATC Healthcare, Inc.*
C.A. No. 2017-0242-JRS

Dear Counsel:

Plaintiff, Herbert Silverberg, has filed a motion under Court of Chancery
Rule 59(f) for reargument following the Court's post-trial decision on his demand for
books and records pursuant to Section 220 of the DGCL.[1]  In that decision, the Court
granted Plaintiff's request to inspect documents related to the composition and
independence of the board of directors of ATC Healthcare, Inc. (the "Company") and
documents concerning a 2015 Stock Option Plan adopted by the Company.  The Court
denied Plaintiff's request as to all documents concerning related-party transactions

---

[1] *Del. C.* § 220.

with Travel Healthcare and other entities in which ATC's controlling shareholders have a five percent or greater interest. Plaintiff now seeks to reargue whether he presented a credible basis from which the Court could infer wrongdoing arising from these related-party transactions. For the reasons discussed below, I deny Plaintiff's motion.

In order to succeed on a motion for reargument, the moving party must demonstrate that the Court "'misapprehended the law or the facts so that the outcome of the decision would be affected.'"[2] "[T]he court's focus on a motion under Rule 59(f) is solely on the facts in the record at the time of the decision."[3] When "the motion for reargument represents a mere rehash of arguments already made at trial . . . the motion must be denied."[4] "[And] a party may not present a new argument for the first time in a motion for reargument."[5]

---

[2] *Bear Stearns Mortg. Funding Tr. 2006–SL1 v. EMC Mortg. LLC*, 2015 WL 139731, at *8 (Del. Ch. Jan. 12, 2015) (quoting *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995).

[3] *Ambase Corp. v. City Investing Co.*, 2001 WL 167698, at *1 (Del. Ch. Feb. 7, 2001).

[4] *Miles, Inc.*, 677 A.2d at 506.

[5] *inTEAM Assoc., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016); *IAC Search, LLC v. Conversant LLC*, 2017 WL 3500244, at *1 (Del. Ch. Jan. 13, 2017).

Plaintiff argues that, in assessing whether related-party contracts were more favorable than third-party contracts for purposes of determining whether he established a credible basis to infer wrongdoing, the Court "overlooked the 2009 amendment to the Travel Healthcare agreement, which, standing alone, provides a reasonable comparison."[6]  Essentially, Plaintiff argues that the Court should have found an amendment to Travel Healthcare's contract with ATC, that Plaintiff asserts unfairly benefited a related-party when compared to the original contract, was itself some evidence of wrongdoing.  In this regard, he argues the Court "misapprehended the facts."  As explained below, Plaintiff's motion must be denied for two reasons: (i) he did not present the current argument to the Court either in his briefs or at trial and (ii) the evidence he now relies upon still falls short of establishing a credible basis from which the Court can infer wrongdoing.

Plaintiff's motion fails at the outset because he did not properly present the argument he now makes to the Court either before or during trial.[7]  Plaintiff, in his

---

[6] Pl. Silverberg's Mot. For Rearg. ¶ 3.

[7] Defendants, in their response, did not contend that Plaintiff waived this argument by failing to present it.  Even so, in the Court's search of the trial transcript and the briefs, it did not find any direction from the Plaintiff that the Court could establish an inference of wrongdoing by

briefs and at trial, urged the Court to compare the fees ATC pays to Travel Healthcare in its 2009 Agreement with the fees ATC pays to "other licensees,"[8] and maintained that the comparison would reveal a credible basis to infer that related parties received favorable treatment. The key word here is "other." Plaintiff now argues that the Court could find a "credible basis" by comparing Travel Healthcare's 2006 Agreement (alleged to reflect a related-party transaction) to its amended 2009 counterpart. Travel Healthcare is not "[an]other licensee;" it is the same licensee. If Plaintiff wished to press this argument, he should have presented it in his Pretrial brief, the Pretrial Stipulation or, at least, at trial. Because he did not, this argument is deemed waived and improper for consideration on a motion for reargument.[9]

---

comparing Travel Healthcare's 2006 Agreement with its 2009 amended Agreement. Regardless, as discussed below, even if this argument had been made at the appropriate time, it would still fail as this comparison does not establish a credible basis from which to infer wrongdoing.

[8] Pl. Silverberg's Opening Br. at 10; Pl. Silverberg's Reply Br. at 3; Trial Tr. at 16:18–24 (Sep. 7, 2017).

[9] *inTEAM Assoc., LLC*, 2016 WL 6819734 at *2 (denying a motion for reargument and deeming the argument waived because "[a] party may not present a new argument for the first time in a motion for reargument.").

Plaintiff's motion also fails on the merits. As noted, Plaintiff argues that the Court can infer wrongdoing by comparing the 2006 Travel Healthcare Agreement with the 2009 version of that same contract. Pointing to a change in contractual terms, however, even if more favorable to the related-party, is not enough on its own to establish a credible basis of wrongdoing; something more is needed.[10] Plaintiff was obliged to present some evidence that the related-party transaction was unfair relative to a similar arm's length transaction.[11]

---

[10] *See Doerler v. Am. Cash Exch., Inc.*, 2013 WL 616232, at \*7 (Del. Ch. Feb. 19, 2013), *judgment entered*, (Del. Ch. Apr. 19, 2013) (indicating that evidence of comingling of corporate and controlling shareholder funds together with evidence of related-party transactions would establish a credible basis allowing inspection of all related-party transactions between the controlling shareholder and the company). *See also Everett v. Hollywood Park, Inc.*, 1996 WL 32171, at \*5 (Del. Ch. Jan. 19, 1996) (finding a credible basis to infer wrongdoing from evidence of both self-dealing transactions and a $2 million settlement entered into by the defendant two days after the filing of a derivative claim concerning the same transactions).

[11] *See Caspian Select Credit Master Fund Ltd. v. Key Plastics Corp.*, 2014 WL 686308, at \*4 (Del. Ch. Feb. 24, 2014) ("[Plaintiff] has presented evidence supporting a credible basis . . . by reference to the increased rate of the loan, evidence that the interest of the [Bank] Loan was less than half of the rate of the [Insider] Loan, and evidence of comparable transactions with lower interest rates."); *see also Haywood v. Ambase Corp.*, 2005 WL 2130614, at \*5 (Del. Ch. Aug. 22, 2005) (finding a credible basis to infer wrongdoing for a claim that the company's CEO's salary was disproportionately high and basing that finding in part on an expert's report that compared the CEO's salary to other CEO salaries in comparable

In its post-trial decision, the Court determined that the comparison Plaintiff actually did attempt to make at trial—between Travel Healthcare's contract and a regional franchisee's contract—was not actually comparable at all and did not, therefore, establish an inference of wrongdoing. The same holds true for the comparison between Travel Healthcare's 2006 and 2009 Agreements. Neither of those agreements allow the Court to make the comparison necessary to determine fairness. Specifically, to determine the fairness of a related-party transaction, the Court will typically examine a comparable arm's length transaction and then compare its terms with those of the related-party transaction. A difference in the terms, such that the related-party contract favored the insider to the detriment of the company, would render the related-party transaction unfair. The Plaintiff's newly proffered comparison is of two insider contracts. The comparison reveals nothing of what the terms of a comparable arms-length agreement might be, much less how the insider contract, when compared to the arms-length contract, is unfair.

---

companies and finding the salary to be "'unheard of' for a company the size of [the Defendant Company]").

The Court did not misapprehend the facts. Plaintiff presented evidence that he argued established an inference of wrongdoing. The Court disagreed then and rejects Plaintiff's attempt to "rehash" this argument now.[12] Plaintiff's motion for reargument is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[12] *Miles, Inc.*, 677 A.2d at 506.