**IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ERIC PULIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CSC AGILITY PLATFORM, INC. | ) | C.A. No. 2017-0081-CB |
| (F/K/A SERVICEMESH INC.), | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| CSC AGILITY PLATFORM, INC. | ) | |
| (F/K/A SERVICEMESH INC.), | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC PULIER, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR REARGUMENT**

WHEREAS:

A.      On September 13, 2017, the court entered an advancement order awarding plaintiff Eric Pulier 100% of his attorneys' fees and other expenses reasonably incurred in defending against or in connection with multiple government investigations and proceedings, including those initiated by the United

States Department of Justice, the United States Securities and Exchange Commission, and the Australian government.

B. On November 3, 2017, defendant CSC Agility Platform, Inc. (F/K/A ServiceMesh Inc.) filed a motion to amend the advancement order under Court of Chancery Rule 60(b) after the United States Department of Justice brought criminal charges against Pulier as a result of a federal grand jury indictment issued on September 27, 2017 (the "Indictment"). On December 20, 2017, Pulier filed an opposition to the motion to amend.

C. On January 30, 2018, the court granted the motion to amend with modifications, (1) ruling that Pulier is not entitled to advancement for Counts Thirteen, Fourteen, and Fifteen of the Indictment (the "Non-Covered Counts") and (2) amending the September 13, 2017 advancement order to reduce ServiceMesh's advancement obligation from 100% to 80%, beginning October 1, 2017.

D. On February 6, 2018, Pulier filed a motion for reargument of the court's ruling on the motion to amend, to which defendant responded on February 13, 2018.

It is hereby ORDERED, this 9th day of April, 2018, that:

1. "A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the

2

facts so that the outcome of the decision would be different."[1] A motion for reargument is not a mechanism to "relitigate claims already considered by the court,"[2] or to make new arguments.[3] Pulier thus bears "a heavy burden on a Rule 59 motion."[4]

2.      Pulier does not contend in his reargument motion that he is entitled to advancement for the Non-Covered Counts. Rather, he argues that the court's reduction of ServiceMesh's advancement obligation from 100% to 80% was predicated upon a misapprehension of material facts for essentially two reasons.

3.      First, Pulier contends that the Rule 88 process is the most "practical and efficient" process for challenging time entries related to the Non-Covered Counts because the parties have "successfully engaged in the [Rule 88] process [since September 2017]."[5] This argument does not provide a legitimate basis for reargument because Pulier previously made, and the court previously rejected, this same argument.

---

[1] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[2] *In re ML/EQ Real Estate P'ship Litig., Consol.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000) (Strine, V.C.).

[3] *See, e.g. Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005).

[4] *ML/EQ*, 2000 WL 364188, at *1.

[5] Mot. for Reargument ¶¶ 18-21.

4. Specifically, Pulier argued in his opposition to the motion to amend that the parties should use the Rule 88 process because "ServiceMesh has not, and cannot, explain why this process is not the precise way for the parties to address any concerns ServiceMesh has regarding the [Non-Covered Counts]."[6] The court, which is familiar with the issues involving these parties from having decided numerous motions in multiple cases involving them, specifically rejected that argument, concluding that "[i]t would not be practical or efficient for the parties to attempt to carve-out [the expenses attributable to the Non-Covered Counts] through the Rule 88 process based on line-item review of bills submitted for advancement."[7] The court further explained that it "selected 80% in an effort to make a fair allocation taking into account, among other considerations, that the non-covered counts of the indictment concern only three of the fifteen counts and that the Order covers other government investigations and proceedings" aside from the investigation that led to the Indictment.[8] Rehashing arguments previously made to the court is not a proper basis for a motion for reargument.[9]

---

[6] Opp'n to Mot. to Amend ¶ 27.

[7] Am. Order ¶ 3.

[8] Am. Order ¶ 3. In reaching this conclusion, the court rejected defendant's request that the allocation be set at 66%.

[9] *See Miles, Inv. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995) ("Where, as here, the motion for reargument represents a mere rehash of arguments already made [earlier] . . . the motion must be denied."); *see also ML/EQ*, 2000 WL 364188, at *1

4

5.	Second, Pulier contends, in the alternative, that if the court is unwilling to reconsider its use of an allocation to address the Non-Covered Counts, ServiceMesh's advancement obligation should be 95% instead of 80%.[10]	In support of this argument, Pulier relies on the affidavits of Mark Holscher and Nathan Hochman, which estimate that, "going forward from October 1, 2017," "no more than 5% of the defense team's time . . . will be spent defending against the Non-Covered Counts."[11]	The fundamental problem with this argument is that Pulier is relying on new evidence in the form of affidavits from his counsel that could have been provided to the court before it decided the motion to amend the advancement order.

6.	At the time the motion to amend was decided, Pulier made the strategic choice to argue—without any evidentiary support—that *"no more than three percent (3%)* of the fees and expenses incurred by Pulier in the disputed invoices have been incurred solely in connection with the [Non-Covered] Counts."[12]	Pulier does not contend, nor could he in my judgment, that he was unable to provide the estimates from his counsel previously, when the court was deciding the motion to amend.	Accordingly, it would be improper for the court to

("[Rule 59] motions are not a mechanism for litigants to relitigate claims already considered by the court.").

[10] Mot. for Reargument ¶¶ 23-26.

[11] Mot. for Reargument ¶ 25 n.3, Ex. 1 at ¶¶ 5, 7, Ex. 2 at ¶¶ 5-6.

[12] Opp'n to Mot. to Amend ¶ 26 (emphasis in original).

consider this evidence now in the context of a Rule 59(f) motion for reargument, which generally "is only available to reexamine the existing record."[13]

7.     In sum, Pulier's motion for reargument fails to establish that the court misapprehended a material fact.  Instead, the motion improperly seeks to rehash arguments the court already considered and rejected, or to rely on evidence Pulier could have submitted before through reasonable diligence but failed to do so.  Accordingly, the motion for reargument is denied.

Chancellor Andre G. Bouchard

---

[13] *See Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 3, 2014) ("In appropriate circumstances . . . a litigant may seek reargument based on newly discovered evidence.  To succeed on such a basis, an applicant must show the newly discovered evidence came to his knowledge since the trial and could not, in the exercise of reasonable diligence, have been discovered for use at the trial.") (internal citations and quotations omitted).