Re MILES, INC.

v.

COOKSON AMERICA, INC.
and Cookson Pigments.

Civ. A. No. 12,310–NC.

Court of Chancery of Delaware.

Submitted: Nov. 23, 1994.
Decided: March 3, 1995.
Redacted and Revised: March 7, 1995.

Paul E. Crawford, Connolly, Bove, Lodge & Hutz, Wilmington, for plaintiff.

Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, for defendants.

HARTNETT, Vice Chancellor [1].

Pursuant to Chancery Rule 59(f), defendant Cookson America, Inc. ("Cookson") has moved for reargument of this Court's November 15, 1994 opinion, *Miles v. Cookson*, Del.Ch., C.A. No. 12,310–NC, 1994 WL 676761 Hartnett, J. ("Opinion"). In that opinion this Court held that: (1) the produc-

1. HARTNETT, Justice, sitting as Vice Chancellor     pursuant to Del. Const. Art. IV § 13(2).

tion of Cookson pigments HP–5170 and HP–5180 by Cookson will be enjoined for a period of three years, (2) the production of Cookson pigments HP–4330 and HP–4202 by Cookson will be enjoined for a period of two years, (3) the use of Miles' processes in the manufacture of DTTA to be used in Cookson Pigments' HP–4500 will be enjoined for two years, and (4) Cookson's use of Miles' finishing step for production of any phtalocyanine pigments will be enjoined for two years. The motion for reargument is without merit, and therefore, must be denied.

In *Stein v. Orloff*, Del.Ch., C.A. No. 7276–NC, Hartnett, V.C., slip op. at 3, 1985 WL 21136, at * 2 (Sept. 25, 1985), this Court held that a motion for reargument will usually be denied "unless the Court has overlooked a decision or principle of law that would have controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."

■ Where, as here, the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied. *See e.g., Lewis v. Aronson*, Del.Ch., C.A. No. 6919–NC, Hartnett, V.C., slip op. at 4, 1985 WL 21141, at *2 (June 7, 1985).

In requesting reargument, Cookson asserts that (1) Miles suffered no pecuniary harm from Cookson's misappropriation of its trade secrets, (2) Cookson could have legitimately developed the misappropriated processes within two to three years, and (3) the injunction ordered by this Court will cause detriment to Cookson, its employees, and its customers. Cookson, therefore, urges this Court to impose a royalty for use of the misappropriated processes in lieu of imposing the injunction. In the alternative, Cookson argues that the injunction should begin at the date of misappropriation rather than the date of judgment.

After trial, in determining the appropriate remedy for Cookson's misappropriation, this Court considered both the inability of Miles to prove the value of its economic harm and the likely ability of Cookson to have developed within two to three years the misappropriated processes in a legitimate manner.

■ Cookson's new argument, asserted in its motion for reargument and supported by its affidavits, that the injunction will cause detriment to it, its employees, and its customers, was not raised at trial and cannot be considered. As this Court has stated:

> Chancery Rule 59(f) does not ... authorize submission of affidavits in support of motions for reargument ... Unlike a motion for a new trial based on newly discovered evidence (Chancery Rule 60(b)), a motion for reargument properly seeks only a re-examination of the facts in record at the time of decision or the law as it applies to those facts.

*Maldonado v. Flynn*, Del.Ch., C.A. No. 4800–NC, Hartnett, V.C. (July 7, 1980).

■ Furthermore, a motion under Chancery Rule 60(b) could not be considered by this Court unless the movant could demonstrate newly discovered evidence that had come to its knowledge after the trial, and that this evidence could not, in the exercise of reasonable discretion, have been discovered for use at the trial. *Bata v. Bata*, Del. Supr., 170 A.2d 711, 714 (1961), *cert. den.*, 366 U.S., 964, 81 S.Ct. 1926, 6 L.Ed.2d 1255 (1961). The alleged evidence to prove economic harm resulting from the injunction does not meet this standard and, therefore, could not be considered even if a Rule 60(b) motion had been filed.

■ Cookson's request that this Court impose royalty payments instead of imposing an injunction was considered by the Court when it considered what would constitute an appropriate remedy.

After considering all the facts and circumstances, including that the misappropriation was deliberate, and the likelihood that a royalty would be an inadequate remedy because of the low sales volume of the Cookson pigments in question, the Court in its discretion decided to impose an injunction. Nothing in the motion for reargument sets forth any ground to cause the Court to change that decision.

Lastly, the suggestion by Cookson that the injunction begin on the date of the misappropriation would leave Miles with no remedy at all.

For the foregoing reasons, Cookson's motion for reargument is denied. IT IS SO ORDERED.

---

1. HARTNETT, Justice, sitting as Vice Chancellor    pursuant to Del. Const. Art. IV § 13(2).