**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: January 11, 2016
Date Decided: January 22, 2016

Brad Greenspan
2995 Woodside Road, Suite 400
Woodside, CA 94062

Gregory V. Varallo, Esquire
Kevin M. Gallagher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell LP
1201 North Market Street
Wilmington, DE 19801

Kathaleen St. J. McCormick, Esquire
Daniel M. Kirshenbaum, Esquire
Young, Conaway, Stargatt & Taylor
100 North King Street
Wilmington, DE 19899

A. Thompson Bayliss, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Daniel B. Rath, Esquire
Rebecca L. Butcher, Esquire
Tyler O'Connell, Esquire
Landis Rath & Cobb LLP
919 North Market Street
Wilmington, DE 19801

Re: *Brad D. Greenspan v. News Corporation, et al.*,
Civil Action No. 9567-VCG

Dear Litigants:

Before me is the Plaintiff's Motion for Reargument, filed on January 11, 2016 pursuant to Court of Chancery Rule 59(f). The Defendants submitted unsolicited letters and briefs between January 19 and January 21, 2016 in opposition to the Plaintiff's motion. In order to prevail on a motion for reargument, a movant must show that "the Court has overlooked a decision or principle of law that would have

controlling effect or the Court has misapprehended the law or facts so the outcome of the decision would be affected."[1] Based on the reasons that follow, the Plaintiff has failed to meet that standard here.

The Plaintiff's motion asks that I vacate my Letter Opinion of January 6, 2016 and grant the Plaintiff's "preliminary injunctions and all other pleadings." In my Letter Opinion, I granted the Defendants' Motions to Dismiss, finding that the Plaintiff had waived the opportunity to oppose the motions.[2]

To the extent I comprehend his Motion for Reargument, the Plaintiff points to two previously-filed Motions for Preliminary Injunction that he argues contain evidence that was "designed and pled to be used to oppose Defendants Motion to Dismiss." Despite the Plaintiff's characterization in his motion here, the Motions for Preliminary Injunction were unresponsive to the issues raised in the Defendants' Motions to Dismiss. The first Motion for Preliminary Injunction was filed on June 19, 2015 and requested that I enjoin the Defendants from filing "Ex Parte Applications" in Federal Court; from further violating "Del Statue 1701 including harassing and discriminating against a whistleblower"; and requested "injunctive relief and specific performance for indemnification."[3] The Plaintiff's Second

---

[1] *Brown v. Wiltbank*, 2012 WL 5503832, at *1 (Del. Ch. Nov. 14, 2012) (quoting *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch.1995)).

[2] *See Greenspan v. News Corp.*, 2016 WL 74921 (Del. Ch. Jan. 6, 2016).

[3] As of the time of the Plaintiff's first Motion for Preliminary Injunction, the Plaintiff's advancement claims had been dismissed via Order of the Court on May 6, 2015 due, in part, to the Plaintiff's failure to respond to the Defendants' Motions to Dismiss the Plaintiff's claims for

Motion for Preliminary Injunction, filed on January 4, 2016,[4] asked that I enjoin Defendants from perpetrating a "malicious defamatory and libel scheme being carried out in Delaware"; that I enjoin Defendants' "continued false entries related to [the] 2004 Proxy"; and again requested indemnification. I find that neither Motion for Preliminary Injunction stated grounds in opposition to the Defendants' Motions to Dismiss, and that the Motion for Reargument fails to otherwise state grounds for "reargument" of my decision to grant the Defendants' motions.

In addition, the Plaintiff asserts that, before granting the Defendants' Motions to Dismiss, I improperly failed to dispose of the Motion of Joinder and the Motion to Supplement Pleadings filed on March 24, 2015.[5] Those motions do not purport to have any relation to the Defendants' Motions to Dismiss nor has the Plaintiff asserted a relationship exists in his Motion for Reargument. Moreover, the Plaintiff has failed to explain how my Letter Opinion has prejudiced the Plaintiff's pursuit of those motions. Consistent with my earlier bench ruling and letter to the parties on December 14, 2015, all motions outstanding as of that date, including the two motions referenced by the Plaintiff here, were dismissed *without prejudice*. The

---

advancement. *Greenspan v. News Corp.*, C.A. No. 9567-VCG (May 6, 2015) (ORDER). To the extent the Plaintiff seeks reargument of that order, his request is late as the deadline to file a motion for reargument of my Order of May 6, 2015 has passed. *See* Ct. Ch. R. 59(f) (providing that a motion for reargument must be filed within 5 days of the Court's opinion).
[4] I note that the Second Motion for Preliminary Injunction was filed after the second and final extended deadline given to the Plaintiff to respond to Defendants' Motions to Dismiss.
[5] Throughout this litigation, the Plaintiff was apprised of the option to amend his complaint pursuant to Court of Chancery Rule 15(aaa) but chose not to do so.

Plaintiff may proceed as he find appropriate in light of the dismissal of the moving Defendants.

Based on the foregoing, the Plaintiff has failed to sufficiently articulate the legal basis for which I should reconsider my Letter Opinion granting the Defendants' Motions to Dismiss. Despite the Plaintiff's Motion for Reargument, I note that the Plaintiff has made no apparent attempt to respond to the Defendants' Motions to Dismiss, nor has he requested additional time to do so. The Plaintiff's Motion for Reargument is DENIED. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III