COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted:  December 19, 2017
Date Decided:  December 29, 2017

R. Judson Scaggs, Jr., Esquire
Ryan D. Stottmann, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19899

Michael J. Barrie, Esquire
Stephen M. Ferguson, Esquire
Benesch, Friedlander, Coplan
     & Aronoff, LLP
222 Delaware Avenue, Suite 801
Wilmington, DE  19801

Re:   *The HC Companies, Inc. v. Myers Industries, Inc.*
       C.A. No. 12671-VCS

Dear Counsel:

This Letter Opinion addresses Myers Industries, Inc.'s and MYE Canada Operations Inc.'s (together, "Myers") motion for reargument regarding the Court's decision on The HC Companies, Inc.'s ("HC") motion for partial summary judgment.  For the reasons that follow, the motion is denied.

HC moved for an order declaring that it was entitled to escrow property set aside as part of an asset purchase agreement (the "Purchase Agreement")[1] and

---

[1] Aff. of Jason Reed in Support of HC's Mot. for Partial Summ. J., Ex. 1 ("Purchase Agreement").

escrow agreement (the "Escrow Agreement").[2]  The Escrow Agreement required

Myers to object to HC's indemnification claims within 10 days of receiving a claim

notice by stating in writing its bases for objecting.[3]  The Court ruled that Myers had

failed to object to HC's second claim notice within the specified 10-day window,

and thus had "irrevocably waived the right to contest the distribution" of the escrow

property.[4]

In order to succeed on a motion for reargument, the moving party must

demonstrate that the Court "'misapprehended the law or the facts so that the outcome

of the decision would be affected.'"[5]  "[T]he court's focus on a motion under

Rule 59(f) is solely on the facts in the record at the time of the decision."[6]  When

---

[2] Aff. of Jason Reed in Support of HC's Mot. for Partial Summ. J., Ex. 2 ("Escrow Agreement").

[3] Escrow Agreement § 1.3(c)(i); *HC Companies, Inc. v. Myers Indus., Inc.*, C.A. 12671-VCS, slip op. at 13–16 (Del. Ch. Dec. 5, 2017) ("Op. _").

[4] Op. at 16 (quoting Escrow Agreement § 1.3(c)(i)).

[5] *Bear Stearns Mortg. Funding Tr. 2006–SL1 v. EMC Mortg. LLC*, 2015 WL 139731, at *8 (Del. Ch. Jan. 12, 2015) (quoting *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)).

[6] *Ambase Corp. v. City Investing Co.*, 2001 WL 167698, at *1 (Del. Ch. Feb. 7, 2001) (citations omitted).

"the motion for reargument represents a mere rehash of arguments already made . . . the motion must be denied."[7]  "[And a] party may not present a new argument for the first time in a motion for reargument."[8]  With these standards in mind, the motion must be denied because Myers either: (1) rehashes arguments it raised in its opposition to HC's motion; (2) raises entirely new arguments; or (3) raises arguments that reflect a misapprehension of the Court's decision.

*First*, Myers argues that the Court "inexplicably" and incorrectly concluded that Myers' objection to HC's first claim notice did not apply to items that overlap in HC's first and second claim notices.[9]  The Court addressed this issue squarely on Page 15 of its decision, noting that the basis for Myers' objection to HC's first claim notice was that it lacked detail, and finding HC unambiguously addressed that

---

[7] *Miles*, 677 A.2d at 506.

[8] *inTEAM Assoc., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016).

[9] Def. Myers' Mot. for Reargument 4–5.  Myers also claims that it "did not argue that the *notices* were the same."  *Id.* at 4 n.2 (emphasis in original).  It did.  *E.g.*, Def. Myers' Answering Br. in Opp'n to Pl.'s Mot. for Partial Summ. J. ("Myers' Answering Br.") 2, 20; Tr. at 41:16–18 ("And I would suggest, Your Honor, that if you take the two claim *notices*, that you will find that they are substantially materially the same.") (emphasis supplied).

objection in its second claim by providing additional detail.[10]   The Court also

observed that objections to indemnification claims, under the Escrow Agreement,

are tied to the "corresponding Claim Notice," and thus Myers' only timely objection

was tied to the first claim notice, not the second claim notice.[11]   Myers' rehashed

argument is based on a misapprehension of the Court's decision and the Escrow

Agreement.[12]

Second, Myers argues that once it objected to an indemnification claim

(creating a "Disputed Claim") HC could not "override" Myers' objection by making

another claim.[13]   It also contends that the Court did not "cite any contractual

---

[10] Op. at 13–15 & n.38; Escrow Agreement § 1.3(c)(i) (providing that Myers' objection notice "shall include a statement of the reason or basis" for Myers' objection).  Because Myers' basis for rejecting HC's first claim notice was that it lacked detail, under the terms of the Escrow Agreement, Myers could not "stand on its original objection" after HC made efforts to provide additional detail.  Op. at 15 n.38.  A responsive objection, if an objection was to be made, was required.

[11] Op. at 15.

[12] To the extent Myers seeks to reargue that its objection to the second claim notice was timely, that argument was raised in its opposition to HC's motion for partial summary judgment and the Court rejected it.  Op. at 13–16.  Again, that is not a proper basis for reargument. *Miles*, 677 A.2d at 506 ("Where, as here, the motion for reargument represents a mere rehash of arguments already made . . . the motion must be denied.").

[13] Def. Myers' Mot. for Reargument 5 (quoting Escrow Agreement § 1.3(c)(i)).

language . . . that supports [the opposite] conclusion."[14]  Myers seeks to rehash an

argument that the Court rejected based on the clear terms of Section 1.3(c)(i) of the

Escrow Agreement.[15]  HC was free to make more than one claim, and once the claim

notice was served, Myers was obligated to object to that claim within 10 days, which

it did not do.[16]

    *Third*, Myers makes a new argument that it could have (but did not) raise in

response to HC's motion for partial summary judgment.  It appears to argue that

even if Myers "irrevocably waived the right to *contest* distribution" of the escrow

property,[17] it may still raise "*defenses*" to prevent "distribution of the entire escrow

---

[14] *Id.*

[15] Op. at 15 ("Section 1.3(c)(i) provides that Myers was obligated timely to 'contest [the] Indemnification **Claim(s)**' and further provides that if it did not do so, it lost the right to 'contest the distribution of that portion of the Escrow Property **specified in the corresponding Claim Notice**.'  This language unambiguously requires that Myers object to claims as made and makes clear that objections raised will be tied to 'the corresponding Claim Notice.'  The language also reveals that the parties anticipated HC might make more than one claim.  Thus, Myers' first objection (the only timely objection) was tied to the 'corresponding' First Claim Notice and did not carry over to the Second Claim Notice.") (emphasis in original).

[16] *Id.* at 15–16 (quoting Escrow Agreement § 1.3(c)(i)).

[17] Escrow Agreement § 1.3(c)(i) (emphasis supplied).

amount."[18]   This argument is both untimely and flawed as a matter of contract construction.[19]   Myers fails to explain how raising a "defense" to the distribution of escrow funds is different from "contesting" a distribution.   I can discern no meaningful distinction.   As the Court previously determined, Myers "irrevocably waived the right to contest distribution" of the escrow property, and HC is entitled to the full amount of the escrow property under the plain terms of the Escrow Agreement.[20]   That waiver extends to "raising defenses" to the distribution(s) as well.   With that said, to be clear, this decision, like the Court's earlier decision,

---

[18] Def. Myers' Mot. for Reargument 2–3, 6–7 (emphasis supplied).

[19] The Court addressed Myers' original argument that HC's delay in providing notice caused it to "forfeit[] its rights and defenses" under Section 8.05(c) of **the Purchase Agreement**. Myers' Answering Br. at 25 (quoting Purchase Agreement § 8.05(c)); Op. at 20–21 (same).   Myers now claims that the Court's discussion was an incorrect interpretation of **the Escrow Agreement**. Def. Myers' Mot. for Reargument 2–3, 6–7 (arguing that "nothing in the Escrow Agreement addresses waiver of Myers' defenses . . . .").   As noted, this is a new argument that Myers is raising for the first time on this motion and is, therefore, an improper basis for reargument. *inTEAM Assoc.*, 2016 WL 6819734, at *2 ("A party may not present a new argument for the first time in a motion for reargument.").

[20] Op. at 16, 22–23.

expresses no opinion as to the parties' rights and obligations regarding HC's claim

for amounts in excess of the escrow property.[21]

  For the reasons discussed above, Myers' motion for reargument is DENIED.

**IT IS SO ORDERED.**

        Very truly yours,

        ***/s/ Joseph R. Slights III***

---

[21] *Id.* at 22 n.56.  Myers takes issue with the Court's analogizing Section 1.3(c)(i) of the Escrow Agreement to a short statute of limitations.  Def. Myers' Mot. for Reargument 6. Of course, Section 1.3(c)(i) is not literally a statute of limitations; the Court simply noted that the "parties structured [it] in a way that resembles" one.  Op. at 22 n.55.