OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted:  April 6, 2018
Date Decided:  April 27, 2018

R. Bruce McNew, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, DE  19805

David A. Jenkins, Esquire
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE  19801

Re:  *The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
C.A. No. 7048-VCS

Dear Counsel:

Plaintiff has moved for reargument under Court of Chancery Rule 59(f) or,

alternatively, for alteration or amendment of the Court's March 21, 2018, post-trial

memorandum opinion, revised on March 22, 2018 (the "Opinion"),[1] under Court of

---

[1] *Ravenswood Inv. Co., L.P. v. Estate of Bassett S. Winmill*, 2018 WL 1410860 (Del. Ch. Mar. 21, 2018, revised Mar. 22, 2018).  Capitalized terms herein are as defined in the Opinion.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 2

Chancery Rule 59(e).[2]  For the reasons that follow, Plaintiff's Motion is without merit and, therefore, must be denied.

In the Opinion, the Court held that (1) Defendants, Bassett, Thomas and Mark Winmill, as directors of Winmill & Co., breached their fiduciary duty of loyalty to the Company by granting themselves stock options at an unfair price through an unfair process; and (2) Plaintiff failed to prove that Defendants' financial reporting practices constituted a breach of their fiduciary duties.  Despite finding that Defendants had breached their duty of loyalty, the Court determined that it lacked any evidentiary basis to remedy the breaches and, consequently, awarded only nominal damages.  Plaintiff now moves to reargue, alter or amend the Court's determination with respect to remedies.

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that

---

[2] Corrected Pl.'s Mot. for Rearg. and/or to Alter or Amend a J. (the "Motion"), D.I. 257.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 3

the outcome of the decision would be different."[3]  Reargument "is only available to

re-examine the existing record,"[4] not to consider new evidence, entertain arguments

not raised previously or rehash arguments already made.[5]  On a motion under Court

of Chancery Rule 59(e), the Court may alter or amend its order where the movant

demonstrates "the need to correct a clear error of law or to prevent manifest

injustice."[6]

---

[3] *Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[4] *Reserves Dev. LLC v. Severn Sa. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)).

[5] *Id.* ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion"); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)); *Miles*, 677 A.2d at 506 ("Where . . . the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

[6] *In re Declaration of Trust Creating Survivor's Trust Created Under the Ravet Family Trust Dated Feb. 9, 2012*, 2014 WL 2538887, at *2 (Del. Ch. June 4, 2014) (quoting *Nash v. Schock*, 1998 WL 474161, at *1 (Del. Ch. July 23, 1998)).

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 4

In its Motion, Plaintiff asserts that the Court misapprehended both the law and the facts in such a manner as to warrant reargument or amendment/alteration of the judgment as stated in the Opinion. As to the law, Plaintiff submits that (1) contrary to the Court's findings, "[a]s a matter of law, the Court may never factually defer to illiquid, thinly traded, over-the-counter stock quotation[s] [] as constituting the value of [] stock"[7]; and (2) the Court erred as a matter of law when it found that cancellation was not available despite the fact that Defendants "essentially paid nothing" for their stock.[8] As to the facts, Plaintiff contends that the Court misapprehended the facts when it found the Company lacked sufficient funds to repay Defendants (to effect rescission of the option issuances) and that such payment would significantly reduce the Company's available cash resources.[9] Specifically, Plaintiff argues that, contrary to the Court's findings, the trial record shows that (1) the amount to be repaid would amount to only 10% of the Company's cash

---

[7] Mot. ¶ 7.

[8] Mot. ¶¶ 9–10.

[9] Mot. ¶¶ 1, 3.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 5

resources[10]; (2) the Company has more than sufficient *net assets* to repay Defendants[11]; (3) such repayment would not be detrimental to the Company[12]; and (4) neither the interest nor principal paid by Defendants would need to be returned to Defendants as part of a rescission remedy because the interest was not paid for the purpose of exercising the options and Bassett's principal payment was a gift.[13]

Moreover, Plaintiff argues, "[e]ven were it ultimately to prove true that Winmill [& Co.] could not repay amounts which must be returned, . . . the Court's decision to make such a finding on this record also creates a manifest injustice in allowing a faithless fiduciary to escape without providing a remedy."[14]  According to Plaintiff, the Court determined that Winmill & Co. would be unable to repay Defendants based on untimely submitted evidence and "[t]his has created a manifest

---

[10] Mot. ¶ 4.

[11] Mot. ¶ 4.

[12] Mot. ¶ 5.

[13] Mot. ¶¶ 6, 10.

[14] Mot. ¶ 11.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 6

injustice, warranting either an order of rescission, conditioning the cancellation [sic] of repayment of an amount found due by the Court or a fair opportunity to address this claim . . . ."[15]

In response, Defendants argue that Plaintiff failed to "properly identify, explain, or prove the damages it sought" and that Plaintiff, through its Motion, now seeks to "offer both new and previously-rejected arguments and allege new non-record 'facts,'" all of which is improper on a motion for reargument.[16] Specifically, with regard to the Court's factual findings, Defendants contend that (1) the Court properly determined that rescission would eliminate a material amount of Winmill & Co.'s cash resources and not benefit the Company; (2) Plaintiff failed to argue at any time prior to its Motion that non-cash assets should be the benchmark for rescission and, in any event, non-cash assets would first have to be sold, which also

---

[15] Mot. ¶ 11.

[16] Defs.' Opp'n to Pl.'s Mot. for Rearg. and/or to Alter or Amend a J., D.I. 259, ¶¶ 1, 4. Defendants also contend that Plaintiff "makes no effort to identify or meet the standard for" an alteration or amendment and, thus, the Motion really only seeks reargument. *Id.* ¶ 2 n.2.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 7

might not be in the Company's best interest; (3) Plaintiff failed to present evidence that Winmill & Co.'s stock value was something other than $1.00; (4) Plaintiff's new theory that Bassett's principal payment was a gift is unsupported by the record; and (5) Defendants paid interest on their notes to the Company and would be entitled to receive back those funds if rescission were granted.

As to Plaintiff's legal argument regarding cancellation, Defendants submit that Plaintiff's Motion ignores the legal bases for the Court's determination that cancellation was not warranted and instead raises new arguments; namely, that Thomas and Mark paid essentially nothing for their stock, that Bassett's payments were a gift, that Defendants have unclean hands and that manifest injustice would result from the Court's Opinion.  Finally, Defendants contend that the Court previously rejected Plaintiff's argument that Defendants failed timely to assert that rescission would not be in the Company's best interest.  Thus, according to Defendants, the record supports the Court's factual findings and the Court did not misapprehend the law.  For the reasons that follow, I agree with Defendants.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 8

To be frank, Plaintiff's Motion represents the first time in this ten-year litigation that Plaintiff has attempted to present any argument or "evidence" in support of its requested remedy with regard to the stock option grants. As recited in the Opinion,

> Plaintiff requested in the Complaint that the Court award damages "in an amount to be determined at trial," cancel "the options and all shares acquired using the options" and award "such other further relief" as might be justified. In the Pre-Trial Order and its pre-trial opening brief, Plaintiff requested "[r]escission of all of the challenged Stock issued to the Individual Defendants in 2005." In its post-trial opening brief, Plaintiff again requested cancellation of the "options issued under the [ ] PEP," but additionally requested that the Court not return to Defendants the money they paid to exercise their options.[17]

Plaintiff, however, did not support any of its rotating requests for relief with evidence or substantive argument. When asked to address remedies at post-trial oral argument, Plaintiff's counsel impetuously stated, without any attempt to invoke any

---

[17] Op. at *19.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 9

aspect of the evidentiary record, that "this court has always fashioned remedies based on the evidence presented at trial and the Court's conclusions,"[18] and that

> [t]he suggestion that a court of equity could find the defendants breached their fiduciary duties and say "But you know what, my hands are tied because I'm lock-stepped into some particular format of remedy that will actually hurt the company," finds no support in the jurisprudence of this court. A remedy can be fashioned, and we've suggested some. And if Your Honor wants to say, you know what, I want more on post remedies, the Court can certainly do that. But the suggestion that equity would tolerate a wrong without providing a remedy is unfounded.[19]

Those statements constitute the full extent of Plaintiff's engagement on the subject of remedies (until now).[20] Consequently, the Court was left to cobble a remedy from a wholly inadequate trial record with no guidance from Plaintiff other than its blanket request(s) for cancellation, rescission, damages or some other

---

[18] Tr. of H'rg Dec. 13, 2017 ("Tr."), 102:13–15; *see also* Op. at *19.

[19] Tr. 41:5–16; *see* Op. at *19 n.167.

[20] As noted in the Opinion, Plaintiff made similar references to the Court's equitable powers in its post-trial reply brief but again failed to support those references with any evidence or substantive argument, much less one approximating the arguments raised for the first time in the Motion. *See* Op. at *19 n.167.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 10

remedy the Court might devise in its apparently uninhibited exercise of equitable powers.[21]  After thoroughly exploring the possible options, the Court ultimately declined to manufacture a remedy beyond nominal damages because there was no evidentiary basis for the Court to do so in any principled way.

While the record is clear that Plaintiff did not previously bring to the Court's attention any of the evidence or argument raised in its Motion, for the sake of completeness, I will address *seriatim* Plaintiff's new arguments on the merits.

*First*, Plaintiff argues that the Court erred as a matter of law by accepting the $1.00 trading value of Winmill & Co. stock as its actual value.[22]  In the Opinion, the Court explained that the only record evidence of Winmill & Co.'s current stock value was the $1.00 value identified by trial witnesses.[23]  Plaintiff presented no contrary

---

[21] Op. at *19.

[22] Mot. ¶ 7 ("As a matter of law, the Court may never factually defer to an illiquid, thinly traded, over-the-counter stock quotation . . . as constituting the value of the stock.").

[23] Op. at *23.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 11

evidence at trial.[24]  The Court did not misapprehend the law with respect to valuation evidence; rather, it relied on the *only* valuation evidence that the parties chose to place in the trial record.

*Second*, Plaintiff argues that the Court erred as a matter of law when it determined that cancellation was not available even though "Defendants breached their fiduciary duties" and "essentially paid nothing for their stock."[25]  Of course, Plaintiff acknowledges that Defendants paid the par value for the stock[26] and that "the Estate paid the [note principal] amount."[27]  And the evidence presented at trial established that all three Defendants paid interest on their respective notes.[28]  In the

---

[24] During post-trial argument, Plaintiff explained, "the stock trades at a dollar [but] [i]t's almost impossible to know what this stock is worth, and the dollar is a discount on what you can figure out about what the stock is worth.  The stock is, in fact, worth far more than that."  Tr. 106:24–107:4.  The record, however, did not include any evidence of this allegedly higher value.

[25] Mot. ¶ 10.

[26] Mot. ¶ 6 (explaining that Defendants paid $1,532.39 each for the stock).

[27] Mot. ¶ 10.

[28] *See* Op. at *6.  These interest payments constitute consideration for the stock. Consideration is "a benefit to a promisor or a detriment to a promisee pursuant to the promisor's request."  *Cigna Health and Life Ins. Co. v. Audax Health Solutions, Inc.*, 107

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 12

Opinion, the Court explained that "[g]enerally, cancellation without restitution is

only warranted where there has been a total failure of consideration (including as a

result of fraud)," and that "[t]he court has [] denied cancellation without restitution

even in cases of fraud and misrepresentation where there has been *some* exchange

---

A.3d 1082, 1088 (Del. Ch. 2014).  In other words, "[c]onsideration is that which is given to induce a promise or performance in return."  *Enloe v. Gorkin*, 1990 WL 263563, at *2 (Del. Super. Ct. Dec. 26, 1990).  The stock issuance at issue here entailed an immediate transfer of Winmill & Co. stock to each Defendant in exchange for his immediate payment of the stock's par value (in cash) and his promise to pay the balance of the purchase price of the stock at a specified future time, with interest, as evidenced by Defendants' respective notes.  It is clear that the Company would not have transferred that stock to Defendants when it did if Defendants had not then given the Company interest-bearing notes.  And it is equally clear that Defendants gave those notes to the Company to induce the Company to immediately transfer the stock to them, *i.e.*, as consideration for that transfer.  *See, e.g.*, *Enloe*, 1990 WL 263563, at *2 ("Consideration is that which is given to induce a promise or performance in return.").  Moreover, "the principal and interest on [a] note together constitute one sum due upon the note, and any payment thereon, whether applied to meet the interest or to meet the principal, is . . . a partial payment on account of the note . . . ." *Pyle v. Gallaher*, 75 A. 373, 375 (Del. Super. Ct. 1908); *see also In re Oakwood Homes Corp.*, 449 F.3d 588, 599 (3d Cir. 2006) ("A note providing for payments of principal plus interest is fundamentally more valuable than a note involving the same principal payments, but no interest.  A buyer of a note that includes interest surely knows he is bargaining for a more valuable instrument, as does the seller.").  In light of the foregoing, I remain satisfied that each Defendant's promise to pay interest on his note's principal balance constitutes consideration for the stock in respect of which he gave the note, as does the interest each Defendant actually paid to the Company.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 13

of consideration."[29] Even in its belated argument, Plaintiff presents no contrary legal authority.[30]  I am satisfied, therefore, that the Court did not misapprehend the applicable law regarding cancellation.

Plaintiff has invoked Rule 59(e) only with regard to the Court's alleged misapprehensions of law.[31]  Accordingly, the Motion under Rule 59(e) and Rule 59(f), to the extent reargument is sought based on the Court having misapprehended the law, must be denied.

I turn next to Plaintiff's arguments that the Court misapprehended the facts in such a manner as to warrant reargument under Rule 59(f).  Here again, I note that none of the fact-based arguments in Plaintiff's Motion were made to the Court prior to the Motion.  Accordingly, it is difficult to comprehend how the Court could have misapprehended a "fact" of which it was never apprised.  In any event, as the

---

[29] Op. at *22.

[30] *See* Mot. ¶ 10.

[31] *See* Mot. ¶ 2.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 14

following discussion makes clear, Plaintiff's fact-based arguments fail on their merits as well.

*First*, the trial evidence showed Winmill & Co. to be a company with small cash resources—with its main assets being holdings in other companies.[32] The only evidence presented regarding the impact on Winmill & Co. of repayment to Defendants (in order to effect rescission) was the testimony of the Company's CEO that repayment would eliminate a "material" amount of the Company's cash resources.[33] Insofar as it might have been an overstatement to say that repayment could completely deplete the Company's cash resources, that overstatement does not

---

[32] *See* Op. at \*14 n.135; *id.* at \*22 & n.196.

[33] Op. at \*22 n.196. Plaintiff argues that the Court could have taken judicial notice of certain information in its unguided quest to determine what resources the Company actually has. That certainly is true. Plaintiff, however, never attempted to draw the Court's attention to the information of which it now would have the Court take judicial notice. And Rule 59(f) is not a vehicle through which parties may supplement their trial evidence or trial arguments. *Reserves*, 2007 WL 4644708, at \*1 ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion."); *Sunrise Ventures*, 2010 WL 975581, at \*1 ("[A] motion for reargument is not a mechanism for litigants . . . to raise new arguments that they failed to present in a timely way.").

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 15

change the outcome. The evidence established that repayment would result in a material reduction of the Company's cash resources in a manner that could do more harm than good. Plaintiff presented no contrary evidence.

*Second*, Plaintiff presented no evidence or argument at trial regarding the amount or value of the Company's assets that would allow the Court to assess whether those assets (1) should be considered for purposes of evaluating the availability of a rescission remedy; or (2) are such that rescission would be in the best interest of the Company. Plaintiff now asserts that Winmill & Co.'s "net assets are reasonably estimated to be at least $10,900,000."[34] This new assertion, however, does not merit reargument.[35] In any event, Plaintiff's argument in the Motion seems to suggest that the Company would have to (and should) liquidate certain of its investments in order to repay Defendants as a predicate to rescission. Again, I have no way of knowing from the record presented at trial (or even in the Motion) whether the liquidation of Company holdings to effect rescission of the stock option grants

---

[34] Mot. ¶ 8.

[35] *Reserves*, 2007 WL 4644708, at *1.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 16

would or would not be in the Company's best interest. Consequently, Plaintiff's second argument also fails.

*Third*, Plaintiff attacks the finding that rescission would not be in the best interest of the Company. I have addressed that argument in my discussion of Plaintiff's first point. Again, whether ultimately persuasive or not, the Court would have welcomed the arguments and evidence Plaintiff now presents during trial or, at least, at some point prior to issuing its post-trial Opinion. But Plaintiff elected not to present any evidence or argument in support of its requested remedies and, instead, appeared content to have the Court make up a remedy on its own. That is not how the adversarial process works, even in a court of equity.

*Fourth*, there is no basis in law or fact to exclude the interest and principal payments made by Defendants from the amounts to be returned to Defendants in the case of rescission. As explained in the Opinion, rescission requires a mutual return to the status quo.[36] Here, in exchange for the stock at issue, each Defendant paid par

---

[36] Op. at *21–22.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A.  No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 17

value and gave a promissory note to the Company.[37]  Each Defendant then paid

interest to the Company on his promissory note.[38]  And, in Bassett's case, his estate

paid the principal of his note in full.[39]  If Defendants' stock is to be cancelled, and

Defendants are to be returned to the status quo, Defendants must be reimbursed the

interest and principal payments they made.  Thus, as explained in the Opinion, all

these amounts would have to be returned to Defendants in the case of rescission.[40]

 *Finally*, Plaintiff's cry of manifest injustice in "allowing a faithless fiduciary

to escape without providing a remedy" falls flat given that Plaintiff had ten years to

develop a record and cognizable theory that could have allowed the Court to fashion

relief.[41]  Even when prompted by the Court in reaction to Defendants' testimony and

argument regarding the unsuitability of the requested remedy, Plaintiff failed to

---

[37] Op. at \*6.

[38] *Id.*

[39] Op. at \*8.

[40] Op. at \*22 n.196.  Plaintiff raised its argument that Bassett's principal payment was a gift for the first time in the Motion.  That is not proper reargument.

[41] Mot. ¶ 11.

*The Ravenswood Inv. Co. L.P. v. The Estate of Bassett S. Winmill*;
  C.A. No. 3730-VCS
*The Ravenswood Inv. Co. L.P. v. Winmill & Co., Incorporated*;
  C.A. No. 7048-VCS
April 27, 2018
Page 18

provide the Court with any meaningful guidance.[42]  As stated in the Opinion, while

this court endeavors to remedy wrongs, "[e]quity is not a license to make stuff up."[43]

For the foregoing reasons, Plaintiff's Motion is DENIED.

Very truly yours,

*/s/ Joseph R. Slights III*

---

[42] *See* Op. at *19 & n.167.  As Defendants explain, at trial I rejected the argument that Defendants' theory that rescission would actually harm Winmill & Co. was a new theory of which Plaintiff had not been adequately apprised.  Tr. of Trial May 15, 2017, at 14:17–23.  I see no reason to revisit that finding here.

[43] *See* Op. at *2; *see also id.* at *19 & n.172 ("But the Court still must have some basis in the evidence upon which to grant relief." (citing *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 541 (Del. 1996); *PharmAthene, Inc. v. SIGA Tech., Inc.*, 2011 WL 6392906, at *3 (Del. Ch. Dec. 16, 2011); *In re Fuqua Indus., Inc.*, 2005 WL 1138744, at *7 (Del. Ch. May 6, 2005))).