COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: June 7, 2019
Date Decided: June 27, 2019

R. Craig Martin, Esquire
Peter H. Kyle, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

John P. DiTomo, Esquire
Ryan D. Stottmann, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Re: *Germaninvestments AG v. Allomet Corporation*
C.A. No. 2018-0666-JRS

Dear Counsel:

Plaintiffs have moved for reargument under Court of Chancery Rule 59(f) (the "Motion") following the Court's May 23, 2019, Memorandum Opinion (the "Opinion"). In the Opinion, I granted Defendants' Motion to Dismiss upon concluding that a mandatory forum selection clause required that the action be litigated in the courts of Vienna, Austria.[1] For the reasons that follow, the Motion is denied.

---

[1] *Germaninvestments AG v. Allomet Corp.*, 2019 WL 2236844 (Del. Ch. May 23, 2019).

The sole question decided in the Opinion was whether a provision in a R&L Agreement between the parties should be deemed a mandatory forum selection clause that, if enforced, would require this action to be litigated in Vienna, Austria.[2] Plaintiffs argued either that the clause in question is not a mandatory forum selection clause under the applicable foreign law or, alternatively, that the clause is unenforceable under Delaware law because the Complaint raises claims under the Delaware General Corporation Law ("DGCL") that must be litigated in Delaware. In response, Defendants pointed to applicable foreign law that makes clear the Court must view the clause in question as a mandatory forum selection clause in the absence of a clear indication that the parties intended otherwise (an intent not evident on the face of the operative contract). Defendants also argued that the provisions of the DGCL invoked by Plaintiffs do not apply here and, therefore, there is no basis in law for the Court to override the parties' chosen forum. The Court agreed with Defendants on all points and granted the motion to dismiss.[3]

---

[2] Terms not defined herein are as defined in the Opinion.

[3] The motion to dismiss was granted without prejudice so that Plaintiffs could renew their claims in Delaware if, for some reason, the courts in Vienna decline to adjudicate them. *Germaninvestments*, 2019 WL 2236844, at \*10.

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[4]  Reargument motions may not be used to relitigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought.[5]  In other words, a motion for reargument may not rehash old arguments or invent new ones.[6]

---

[4] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[5] Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 2d § 2810.1.

[6] *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995) ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion")); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)).

In the Motion, Plaintiffs argue the Court misapprehended certain facts regarding: (1) Fobio's stock ownership, (2) who engaged BDO and the extent of the financial information Plaintiffs received from Allomet, (3) the terms of the Supplementary Agreement and (4) the extent to which disputes among the factions of AHRM's apparently deadlocked managers can be resolved such that the entity could continue to function. A misapprehension of fact is only grounds for reargument if "the outcome of the decision would be affected."[7] None of the facts identified by Plaintiffs were misapprehended: (1) Fobio's stock ownership is recited in the Complaint at ¶ 9; (2) who actually engaged BDO made no difference to the outcome and the Court said nothing to disagree with the Complaint's allegations regarding the nature of BDO's work (at ¶ 61) or the extent of Herrling's diligence efforts (¶ 65); (3) the Court accurately described the Supplementary Agreement in the Opinion[8]; and (4) Plaintiffs made their arguments regarding the status of the AHRM factions in their

---

[7] *In re OM Gp., Inc. S'holders Litig.*, 2016 WL 7338590, at *2 (Del. Ch. Dec. 16, 2016).

[8] *Germaninvestments*, 2019 WL 2236844, at *4.

briefs on the motion to dismiss and the Court rejected those arguments in deciding that the status quo order should be vacated.[9]

Plaintiffs also argue that the Court misapprehended the law and, in doing so, they renew arguments already advanced in opposition to the motion to dismiss.[10] Specifically, Plaintiffs renew their argument that Delaware has a greater interest in this dispute than Austria because the Defendants are formed under Delaware law, the dispute concerns a Delaware corporation's internal affairs or control, and a finding that Austria law applies would be "repugnant to the public policy of Delaware."[11] Those arguments were made and rejected.[12] This dispute arises from a contract where the parties chose Austrian law and an Austrian forum. I remain satisfied that Austria is where the claim should be litigated.

---

[9] *Id.* at *11.

[10] Plaintiffs' argument begins with a gross mischaracterization of the Opinion. Contrary to the Motion, the Opinion did not state that the Court considered expert affidavits when interpreting the applicable foreign law. Rather, the Court stated it considered "extensive foreign authority and affidavits [submitted by the parties] interpreting that authority." *Germaninvestments*, 2019 WL 2236844, at *6 n.73. That is precisely what the Court did.

[11] Motion at 5–6.

[12] *See* PAB at 20–21, 26–30; 35–38; *Germaninvestments*, 2019 WL 2236844, at *8–10.

In addition to their argument that the Court misapprehended Delaware's interest in this dispute, Plaintiffs maintain the Court misapprehended the law in several additional respects because: (1) the Brussels Regulation does not apply;[13] (2) there is no conflict of law because Delaware law and Austrian law are in accord; (3) this is a dispute regarding the internal affairs of a Delaware corporation and an action *in rem* with respect to Yanchep's real property in Pennsylvania; (4) the Court ignored the arbitration clause in the SPA;[14] and (5) the Court failed properly to apply 8 *Del. C.* § 115. Each of these arguments either rehash points already made and rejected or improperly attempt to introduce new positions not properly raised in connection with the motion to dismiss.[15] Either way, they are not proper subjects of reargument and are, therefore, rejected.

---

[13] Plaintiffs' attempt to supplement the record on reargument with a foreign law affidavit will not be countenanced. "Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion." *inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *1 (Del. Ch. Nov. 18, 2016) (internal quotations omitted).

[14] Plaintiffs' apparent rediscovery of the SPA's arbitration clause (not invoked before now) is puzzling given that one of their showcase arguments in opposition to the motion to dismiss was that the Court should sidestep the SPA by applying 8 *Del. C.* § 168.

[15] *Germaninvestments*, 2019 WL 2236844, at *8–10. Plaintiffs' arguments with respect to the SPA's arbitration clause and the *in rem* character of the claims as they relate to

Finally, Plaintiffs raise nothing new with respect to the Court's decision to vacate the status quo order. The Court considered and rejected Plaintiffs' argument that the order must remain in place following dismissal, holding that Plaintiffs' desire to preserve assets for the satisfaction of their debts "is not a circumstance that compels equity's intervention."[16] Plaintiffs have offered nothing in the Motion to justify reargument on that holding.

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

Yanchep's real property in Pennsylvania were not fairly raised in the briefs or argument on the motion to dismiss. The other arguments were made and rejected.

[16] *Germaninvestments*, 2019 WL 2236844, at *10.