**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: October 2, 2019
Date Decided: November 1, 2019

Carl D. Neff, Esquire
Kasey H. DeSantis, Esquire
Fox Rothschild LLP
919 North Market Street, Suite 300
Wilmington, DE 19801

Neil R. Lapinski, Esquire
Phillip A. Giordano, Esquire
Gordon, Fournaris & Mammarella, P.A.
1925 Lovering Avenue
Wilmington, DE 19806

Re:    *In re: Hawk Systems, Inc.*
       C.A. No. 2018-0288-JRS

Dear Counsel:

Petitioner, Mark J. Spanakos, has moved for reargument under Court of Chancery Rule 59(f) (the "Motion")[1] following the Court's September 4, 2019, post-trial Memorandum Opinion (the "Opinion").[2] In the Opinion, I entered judgment for Respondents, denying Petitioner's request that I declare him the

---

[1] The Motion is styled "Motion for Reconsideration"; the rule cited and the standards expressed in the Motion, however, are the standards for reargument. Accordingly, I treat the Motion as a motion for reargument.

[2] *In re: Hawk Systems, Inc.*, 2019 WL 4187452 (Del. Ch. Sept. 4, 2019).

controlling stockholder of Hawk Systems, Inc. (the "Company") and denying his alternative request that I compel an annual stockholders' election of directors under 8 *Del. C.* §§ 211 & 223(a). Both requests for relief would have effectively achieved the same end: Petitioner would be placed in control of Hawk Systems. After carefully considering the Motion, I am satisfied it must be denied because it either repeats arguments already made or makes new arguments that should have been raised, at the latest, before post-trial argument.

## I. BACKGROUND

Hawk Systems is a Delaware corporation that, when operational, designed fingerprint authentication and identification technology for various applications. Petitioner, Mark Spanakos, is a stockholder and former director of Hawk Systems. As discussed at length in the Opinion, Spanakos alleges that certain members of Hawk Systems' board of directors engaged in a "pump and dump" scheme whereby they inflated the Company's stock price by disseminating false information and then dumped their holdings.[3] After a period of dysfunctional management, Hawk Systems defaulted on its obligations to Delaware and its charter was declared void.

---

[3] *Hawk Systems*, 2019 WL 4187452, at *3.

Spanakos attempted to revive the Company, in part, by filing several actions in the Florida 15th Judicial Circuit Court for Palm Beach County.[4]  In one of those actions, the Florida court determined that only a Delaware court could decide the number of Hawk Systems shares controlled by Spanakos and whether Spanakos is a validly elected director and officer of Hawk Systems.

Outside of court, Spanakos purported to take several steps to take control of Hawk Systems as its majority stockholder and sole director, including filing a certificate of revival of Hawk Systems' charter, amending its bylaws and electing himself chair of the board of directors, CEO, treasurer and secretary.[5]  The Company's most recent stock ledger, however, shows Spanakos owning only 8.4% of Hawk Systems' outstanding shares.[6]  With that said, it is clear the stock ledger is not accurate.  Unfortunately, the Company's stock transfer agent has resigned and the Company has not engaged a replacement.

---

[4] *Id.*

[5] *Id.* at *4.

[6] *Id.* at *5.

Against this backdrop, Spanakos sought declarations from this Court under 8 *Del. C.* § 225(a) that he controls a majority of the voting shares of the Company and that he is the validly elected, sole director and officer of Hawk Systems. As an alternative to Section 225 relief, Spanakos sought an order compelling the Company to hold an annual stockholders' election of directors under 8 *Del. C.* §§ 211 and 223(a). Petitioner has not sought reargument of the Court's findings of fact or conclusions of law with respect to his Section 225 claim. Instead, his Motion targets the Court's decision to deny his request for alternative relief—a compelled stockholder election facilitated by a court-appointed master.

In seeking relief under Section 223, Spanakos acknowledged that a vote held in accordance with the Company's current (and inaccurate) stock ledger would likely not produce his desired result—control of Hawk Systems. Accordingly, Spanakos asked the Court to fashion an election process whereby a court-appointed master would first reconfigure the Company's stock ledger and then oversee the election. Petitioner's proposal would have required stockholders to participate in this process or lose their equity in the Company.[7]

---

[7] *Id.* at *8–10.

## II. ANALYSIS

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[8]  Reargument motions may not be used to re-litigate matters already litigated or to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought.[9]  In other words, a motion for reargument may not rehash old arguments or invent new ones.[10]

---

[8] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*, 2008 WL 2133417, at \*1 (Del. Ch. May 21, 2008).

[9] 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2019).

[10] *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at \*1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995) ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion.")); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at \*1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way.") (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)).

Petitioner relies on settled Delaware precedent recognizing that "a stockholder's right to have a meeting convened to elect directors is virtually absolute."[11] The Opinion did not take issue with that immutable proposition. But Petitioner did not merely ask the Court to compel a meeting for a stockholder vote. Rather, he asked the Court to compel a vote that would be conducted under the supervision of an election master who would first direct and facilitate a complete reconfiguration of the Company's stock ledger. That relief is not contemplated, much less authorized, by the statutes Petitioner has invoked or the cases he has cited.

Before addressing Petitioner's unusual request on the merits, it was necessary to address whether he properly joined for decision his request for a supervised election. As explained in the Opinion, he did not.[12] Indeed, as was made clear during post-trial argument, Petitioner was formulating the details of his proposed supervised election plan literally as his counsel addressed the matter to the Court at oral argument.[13] Even then, Petitioner's counsel was unable to explain precisely

---

[11] *Saxon Indus., Inc. v. NKFW P'rs*, 488 A.2d 1298, 1301 (Del. 1984) (internal quotations omitted).

[12] *Hawk Systems*, 2019 WL 4187452, at *6, *9.

[13] *See, e.g.*, Tr. Post-Trial Arg. 8–26; *id.* at 14–15 ("[W]hat your proposing has never been done before, to my knowledge. You've not given me any guidance or roadmap. You're

how the process his client was seeking to have imposed on Hawk Systems and its shareholders would work.[14] Respondents were then left to counter Petitioner's fuzzy proposal on the fly, all the while preserving their position that Petitioner's requested relief had not been properly presented.

On the merits, Petitioner provided no legal authority that would allow the Court to impose the process he described on Hawk Systems or its shareholders. Specifically, he cited no authority that would authorize the Court to vest a special master with authority to conduct a court-ordered stockholder's meeting and election, nor did he cite authority that would allow the court's special master to deem a stockholder's shares forfeited if the stockholder declined to participate in the revival of the stock ledger or the court-ordered election.[15]

---

just saying do it."). In fact, even in the briefs Petitioner only generally explained how this election master process would unfold. *See* Pet'r's Opening Post-Trial Br. 21–26.

[14] *Hawk Systems*, 2019 WL 4187452, at \*9 (as noted in the Opinion, Petitioner's eleventh-hour proposal was light on details: "[t]he problem here, as Spanakos recognizes, is that the Company's stock ledger is in shambles, effectively preventing the Court from exercising its discretion to resolve by a logical or lawful means the answers to important election issues: Who will send notice? To whom will the notice go? Who will count the votes?").

[15] *Hawk Systems*, 2019 WL 4187452, at \*9 (observing that "Spanakos acknowledges there is no support for this process in the DGCL or in our common law and agrees, if I impose these conditions, I would sanction a scenario whereby a *bona fide* Hawk Systems

Petitioner contends the Court misapprehended the law because "these conditions need not be satisfied *before* relief is granted."[16] A misapprehension is only grounds for reargument if "the outcome of the decision would be affected."[17] Sections 223(a) and 211(c) permit the Court to compel an election. But, again, an election is not what the Petitioner asked for. Petitioner sought a process by which an election master would determine the *bona fides* of innocent stockholders' claims to ownership in Hawk Systems and then supervise an election where only the shares of those stockholders who participated in Petitioner's proposed pre-election exercise to reconstitute the Company's stock ledger would be eligible to vote.[18] Yet, just as before, Petitioner still has proffered no basis in law or equity upon which the Court could fashion this anomalous remedy.

---

stockholder who chose not to participate in the court-ordered election would likely lose her shares.")

[16] Pet'r's Mot. for Reconsideration 5.

[17] *In re OM Gp., Inc. S'holders Litig.*, 2016 WL 7338590, at *2 (Del. Ch. Dec. 16, 2016).

[18] *See* Pet'r's Post-Trial Opening Br. 26; Pet'r's Post-Trial Reply Br. 14–19; Tr. Post-Trial Arg. 5:2–24:8. *See also Hawk Systems*, 2019 WL 4187452, at *9.

To address these concerns, Petitioner attempts in his Motion to articulate for the first time an actual framework for his requested relief. Specifically, he includes a proposed form of Order that purports to outline a process for Petitioner's transfiguration of the stock ledger and corresponding supervised stockholder election. Not only does Petitioner's newly conceived process not solve the profound problems with his requested relief,[19] he has waited too long to present it. Reargument is not the time to recast or refine one's arguments.[20]

Petitioner may ultimately be able to obtain the relief he seeks, but the pathway to that relief, as outlined in the Opinion,[21] begins in Florida. Petitioner simply can't get there from here.

---

[19] Petitioner's proposed reargument order contemplates a process where stock ownership purportedly is not forfeited. Instead, only the stockholder's right to participate in the election would be forfeited. Either way, it is contemplated that the Court-appointed election master ultimately would be depriving innocent stockholders of their rights with respect to their shares. *See Hubbard v. Hollywood Park Realty Enters., Inc.*, 1991 WL 3151, at *5 (Del. Ch. Jan. 14, 1991), *aff'd*, 790 A.2d 477 (Del. 2002) ("Courts have consistently found that corporate management subjects shareholders to irreparable harm by denying them the right to vote their shares.") (citation omitted). Even if Petitioner had timely presented this process for consideration, the Court would not countenance a result that left *bona fide* stockholders in the cold.

[20] *Sunrise Ventures, LLC*, 2010 WL 975581, at *1.

[21] *Hawk Systems*, 2019 WL 4187452, at *1, *7–8.

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*