**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone:  (302) 739-4397
Facsimile:  (302) 739-6179

Date Submitted:  August 13, 2018
Date Decided:   September 19, 2018

David L. Finger, Esquire
Finger & Slanina, LLC
1201 N. Orange Street, 7th Floor
Wilmington, DE  19801

Kenneth J. Nachbar, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE  19801

Re:   *Nabil Akrout v. Roman Jarkoy, Vladimir Bobrovsky, Boris Kalk,*
      *and Intelligent Security Systems International, Inc.*
      C.A.  No. 2017-0473-JRS

Dear Counsel:

Plaintiff has moved for reargument under Court of Chancery Rule 59(f) (the "Motion") following the Court's July 10, 2018, memorandum opinion (the "Opinion") in which the Court addressed several case dispositive motions.[1] This is the Court's ruling on the Motion.

---

[1] *Akrout v. Jarkoy*, 2018 WL 3361401 (Del. Ch. July 10, 2018).  Capitalized terms are as defined in the Opinion unless otherwise defined.

**Factual and Procedural Background**

In the Opinion, the Court resolved: (1) Plaintiff's motion for default judgment against Intelligent Security Systems International, Inc. ("ISSI"); (2) Roman Jarkoi's[2] motion to dismiss Count I (breach of fiduciary) of the operative complaint[3]; and (3) Plaintiff's motion for default judgment against Vladimir Bobrovsky and Boris Kalk, the non-responding Individual Defendants. The Court denied Plaintiff's motion for default judgment against ISSI, a dissolved entity, because the claims were brought outside of the three-year period for post-dissolution winding-up set forth under 8 *Del. C.* § 278. As for the motion to dismiss Count I, the Court granted that motion because the breach of fiduciary duty claim was clearly barred by laches. Finally, the Court dismissed all Counts against Bobrovsky and Kalk, thus mooting Plaintiff's motion for default judgment against these defendants, on the ground that

---

[2] I note that Jarkoi's name appears to have been misspelled in the case caption and throughout the Complaint.

[3] Jarkoi was the only defendant who appeared in the litigation. Count I of the operative alleged that the Individual Defendants, including Jarkoi, breached their fiduciary duty to Plaintiff by failing, *inter alia*, to distribute to him pre-dissolution "dividends" that were allegedly declared and paid to others following Plaintiff's removal as President and CEO of ISSI and for failing to pay him "accrued salary" per his "signed contract" with ISSI.

the former directors of ISSI should not be made to answer claims against, or arising out of their service to, a dissolved entity when those claims are brought outside of the statutory winding-up period.

Plaintiff now moves to reargue the Court's denial of the motion for default judgment against the dissolved corporation. For the reasons that follow, Plaintiff's Motion must be denied.

**The Standard**

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[4] Reargument motions may not be deployed to re-litigate already litigated matters nor to advance arguments or present evidence that could have been raised before the previous judgment.[5] Stated

---

[4] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[5] 11 *Wright Miller, Federal Practice and Procedure* § 2810.1 (2005). *See also Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a

differently, a motion for reargument may not direct the court to new matters beyond

"the existing record,"[6] or simply rehash arguments already made.[7]

### The Contentions

As noted, the Motion focuses on the Court's holding that Plaintiff improperly

brought his claims against all Defendants beyond the statutory winding-up period

following ISSI's dissolution.[8]  Plaintiff asserts that he had no occasion to raise his

proffered basis to challenge the Court's holding in this regard either in his briefs or

---

timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)).

[6] *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)).

[7] *Miles*, 677 A.2d at 506 ("Where . . . the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

[8] 8 *Del. C.* § 278 ("All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct, bodies corporate for the purpose of prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized.").

at the various oral arguments on his motions because the Court did not focus on this issue until after the motions were submitted for decision. Accordingly, the Court's decision on the statutory winding-up period, as a matter of law, is ripe for reargument.[9]

As for the merits, Plaintiff maintains that his Complaint cannot be deemed untimely under the statutory three-year post-dissolution winding-up period because the deadline to file within the winding-up period fell on a Sunday. Accordingly, under either Court of Chancery Rule 6 or the so-called "Sunday Rule," Plaintiff contends that his filing deadline was extended to the following Monday.[10] Rule 6 states, in relevant part: "In computing any period of time . . . by these Rules, by order of Court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included, [and] [t]he last day of the period so computed shall be included, unless [it] is a Saturday, Sunday or

---

[9] *Kobza v. Target Stores, Inc.*, 2009 WL 5214489, at *3 (W.D.N.Y. Dec. 29, 2009) (inviting a motion for reconsideration because the Court ruled on grounds that neither party had reason to argue).

[10] Pl.'s Mot. for Rearg. (the "Motion"), ¶¶ 3, 5.

other legal holiday. . . ."[11]  According to Plaintiff, Rule 6 applies to Section 278

because there is no evidence that the General Assembly intended that Section 278

would not be subject to the rule.[12]  With this guidance in mind, Plaintiff argues that

because the expiration of three years following the filing of the certificate of

dissolution fell on a Sunday, the filing of the complaint against the dissolved entity

would be timely if made on the following business day.

Citing *In re Citadel Industries*, the Court concluded that the General

Assembly, in fact, did intend that the three year statutory winding-up period be

calculated as precisely three years, not more or less than three years.[13]  In response,

Plaintiff argues "Rule 6(a) does not restrict itself to statutes of limitation, but instead

---

[11] Ct. Ch. R. 6(a).

[12] Mot. ¶ 7 (citing *Santow v. Ullman*, 166 A.2d 135, 136 (Del. 1960) ("The general rule for the computation of time under a statute, in the absence of anything showing a contrary intent, is that the first day should be excluded but the day on which the act is to be done should be included.  This rule is so well settled that it is embodied in the rules of our trial courts.")).

[13] Op. at *5–6.  *See In re Citadel Indus.*, 423 A.2d 500, 502, 507 (Del. Ch. 1980) (finding that when the Section 278 three-year winding-up period ends, "the statute, as amended, gives this Court no power to 'continue' a corporation for winding-up purposes on an application made after . . . the corporation has ceased to exist as a legal entity").

applies to all . . . 'applicable statute[s]' includ[ing] statutes setting deadlines for filing documents with the court."[14] Moreover, Plaintiff states, even if Rule 6 does not apply to Section 278, the "Sunday Rule" applies to extend a deadline that expires on a Sunday to the either the following Monday or following business day.[15] Relying on *Nelson v. Frank E. Best Inc.*, Plaintiff argues that because Section 278 defines the relevant time using years, instead of days, the General Assembly must have intended for the "Sunday Rule" to apply.[16]

For his part, Jarkoi contends the Motion should be denied on two alternative threshold grounds before the Court even reaches the merits. First, Jarkoi points out that, notwithstanding the Court's express direction, Plaintiff inexplicably failed on two separate occasions to file an affidavit reflecting notice to and service upon ISSI with regard to his motion for default judgment. This failure, Jarkoi maintains, justified the Court's denial of the motion for default judgment on procedural

---

[14] Mot. ¶ 8; *McGuire v. Ass'n of Owners of Gull Point Condo., Inc.*, 2001 WL 379541, at *2 (Del. Ch. Apr. 2, 2001).

[15] Mot. ¶ 5; Ct. Ch. R. 6(a).

[16] Mot. ¶ 11 (citing *Nelson v. Frank E. Best Inc.*, 768 A.2d at 473, 478–79 (Del. Ch. 2000)).

grounds.[17]  Second, Jarkoi maintains that the Motion is procedurally barred because it is nothing more than a rehash of arguments already considered and rejected in the Opinion.[18]

To the extent the Court is inclined to consider the Motion on the merits, Jarkoi argues that the case law makes clear that neither Rule 6(a) nor the "Sunday Rule" applies to Section 278.[19]  Jarkoi cites specifically to *In re Citadel* where the court held that the three-year winding-up period "begins to run as of the date of the filing of the certificate of dissolution and [] it expires three years thereafter."[20]

**Analysis**

Plaintiff sought default judgment against ISSI which had not (and still has not) appeared in the litigation.  Thus, by definition, there was no party to oppose the default.  When the Court declined to enter the default, therefore, it did so *sua sponte*.

---

[17] Defs.' Opp'n to Pl.'s Mot. for Rearg. ("Defs.' Opp'n Br.") at 3.

[18] *Id.* at 4.

[19] *Id.* at 5–7.

[20] *Id.* at 5 (citing Op. at *5); *In re Citadel Indus.*, 423 A.2d at 502.

While this is entirely proper,[21] the procedural posture in which the ruling was made did not allow Plaintiff to develop fully his arguments regarding the timeliness of his Complaint. Accordingly, I agree with Plaintiff that his arguments on reargument are not procedurally barred. Even so, the Motion still fails on the merits for four separate reasons.

*First,* as Defendants correctly observe that, after being directed by the Court to do so not once but ***twice***, Plaintiff without explanation failed to provide notice of his motion for default judgment to any of the defendants, including ISSI.[22] As the Court held in the Opinion, this alone is a basis to deny the motion for default judgment.[23]

---

[21] *See Kobza*, 2009 WL 5214489, at *2; 2 *Moore's Federal Practice (Third Ed.2009)*, § 12.30[1] ("Indeed, even if the parties do not identify a potential problem [with respect to a proffered default], it is the duty of the court—at any level of the proceedings—to address the issue *sua sponte* whenever it is perceived").

[22] *See* Ct. Ch. R. 55(b) ("If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If such party has not appeared written notice shall be served if the Court so directs").

[23] Op. at *6 n.46: "I note that even if Section 278 is not operative here, the motion for default judgment against ISSI must nevertheless be denied because Plaintiff's counsel has

*Second*, I remain satisfied that Rule 6 is not applicable to Section 278.[24]  In

this regard, *In re Citadel Industries* is on all fours.  There, the court determined

Section 278's winding-up period neither reflects a statute of limitations nor

contemplates court filings that would be governed by the court's rules.[25]  "Statutes,"

as referenced in Rule 6, are statutes that address specifically the timing for filing

actions in court.[26]  In other words, Rule 6 governs the court's interpretation of

---

twice failed to provide proper notice to ISSI."  *See* Tr. of Oral Arg. on Pl.'s Mot. for Default J. Against Def. Intelligent Sec. Sys. Int'l, Inc. (Feb. 27, 2018) (Dkt. 41) at 13–14; Tr. of Oral Arg. on Def. Roman Jarko[i]'s Mot. to Dismiss and Pl.'s Mot. for Entry of Default J. Against Vladimir Bobrovsky and Boris Kalk (Apr. 17, 2018) (Dkt. 42) at 16.

[24] Op. at *6 n.45: "If the deadline at issue was one set by Court rule, or was a statute of limitations, then Court of Chancery Rule 6(a) would extend the deadline to the following Monday, June 26, 2017 . . . [The winding-up period] is, instead, a timeframe within which a corporation 'shall nevertheless be continued' following dissolution 'for the purpose of prosecuting and defending suits' and winding-up affairs. 8 *Del. C.* § 278."

[25] *Citadel*, 423 A.2d at 507 (holding that the "corporation ceased to exist as a legal entity" precisely three years from the date of dissolution [even if on a weekend day] and that this court had "no power to 'continue' a corporation for winding-up purposes on application made after the statutory three-year period has expired").

[26] "'[A]pplicable statute' is best read as referring instead to statutory provisions addressing periods of time (e.g., a statute of limitations) involving events that occur within this court, such as the filing of a complaint." *Nelson,* 768 A.2d at 488.

statutory schemes that are directed to the litigation of disputes in court.[27] In contrast, Section 278 governs how long after dissolution a corporation will be deemed to be alive and breathing for any purpose, including the defense of litigation.[28]

*Third,* the statute leaves no room for common law rules of construction such as the "Sunday Rule." As this court stated in *Nelson*, the "absence of a specific exclusion in the statute is vitally important evidence of the General Assembly's intent not to exclude the final Sunday."[29]

*Finally*, as noted in the Opinion, Plaintiff could have acted within the three-year window to extend the winding-up period.[30] He made no effort to do so. Instead, he waited until the expiration of three years post-dissolution to bring stale claims

---

[27] *McGuire*, 2001 WL 379541, at *2 (holding that Rule 6(a) applies to deadlines that "require[] an action to be performed within the courthouse").

[28] *Citadel*, 423 A.2d at 500, 506.

[29] *Nelson*, 768 A.2d at 480.

[30] Op. at *10.

against defendants who had long since moved on from the dissolved entity.[31]  Under

these circumstances, default judgment was wholly inappropriate.

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[31] *See Territory of U.S. Virgin Isl. v. Goldman, Sachs & Co.*, 937 A.2d 760, 789–91 (Del. Ch. 2007) (holding that plaintiff could not pursue claim against dissolved corporation's stockholders or directors arising from their service because the corporation lacked the capacity to be sued).