**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: November 14, 2018
Date Decided: December 11, 2018

Elena C. Norman, Esquire
Elisabeth S. Bradley, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Thomas W. Briggs, Jr., Esquire
Zi-Xiang Shen, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19805

Samuel T. Hirzel, II, Esquire
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Daniel C. Kerrick, Esquire
Garvan F. McDaniel, Esquire
Hogan♦McDaniel
1311 Delaware Avenue
Wilmington, DE 19806

Re: *Standard General Master Fund L.P. v. Majeske, et al.*
C.A. No. 2017-0561-JRS

Dear Counsel:

Defendants and non-party, Strategic Value Partners, LLC ("SVP"), have moved for partial reargument under Court of Chancery Rule 59(f) (the "Motion") following the Court's October 31, 2018 bench ruling (the "Ruling") in which I

granted Plaintiffs' motion to compel. For the reasons that follow, the Motion is denied.[1]

Plaintiffs brought this case challenging, among other things, the White Energy Holdco, LLC ("Holdco") and White Energy, Inc. (collectively "White Energy") boards of directors' use of board committees as a means of excluding one of their members, Vladimira Mircheva, from meaningful participation in board-level decision making.[2] In their counterclaims, Defendants allege that plaintiffs, Mircheva and Standard General Master Fund L.P., breached the Holdco operating agreement, the implied covenant of good faith and fair dealing and fiduciary duties by releasing confidential information to a competitor and by interfering with Holdco's selection of a new CEO. In last month's Ruling, I addressed competing motions for dispositive relief and Plaintiffs' Motion to Compel. In this latter motion, Plaintiffs sought certain documents that Defendants withheld from production on the basis of privilege. As noted, that motion was granted.

---

[1] Because I am denying the Motion, I deny as moot Defendants' Motion to Stay Discovery Pending Resolution of the Motion for Reargument. (DI 113).

[2] Compl. ¶¶ 64, 128, 151, 156.

"A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be different."[3] Reargument "is only available to re-examine the existing record,"[4] not to consider new evidence, entertain arguments not raised previously or rehash arguments already made.[5] In other words, reargument motions may not be used to relitigate matters already fully litigated or

---

[3] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[4] *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)).

[5] *Id.* ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion."); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)); *Miles*, 677 A.2d at 506 ("Where . . . the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought.[6]

In the Ruling, I held Defendants had not adequately demonstrated that Mircheva, as a member of the White Energy boards of directors, was adverse to White Energy such that the boards could withhold communications involving the companies from her on the basis of attorney-client privilege. In the absence of adversity, I determined that Mircheva's service as board member and manager entitled her to have access to the withheld documents.

Defendants' reargument motion is premised on three notations in Plaintiffs' privilege log that they maintain reveal Plaintiffs' adversity to White Energy. First, Defendants point to Plaintiffs' "opposition" to White Energy's effort to enforce the LLC Agreement at issue in the Post Union Litigation.[7] Defendants argue, "[s]pecifically, at the 6/14 Board Meeting, Standard General . . . (i) refused to permit

---

[6] 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2810.1 (2005).

[7] Mot. at 4–5. "Contrary to the Court's decision, these actions are more than mere 'contrary views about certain board matters at a board meeting." (Opinion at 22). Instead, these actions—and particularly the refusal by Standard General to appoint a designated manager—were contrary to the Existing LLC Agreement that it previously executed." Mot. at 5.

Mircheva to attend as Standard General's designated manager, and (ii) claimed that Post Union's position . . . was 'reasonable.'"[8] These positions, Defendants maintain, can only be characterized as adverse to White Energy.

The argument is not persuasive. First, this same argument was raised in opposition to the motion to compel and rejected. Defendants offer nothing new here to justify reargument. Moreover, as I stated in the Ruling, "Mircheva's comments expressing her contrary views about certain board matters at a board meeting and the fact that certain board members determined that she could not be a member of the litigation committee are not enough to infer that she was adverse to White Energy."[9] Indeed, Defendants concede that Standard General ultimately took "'no position' regarding the dispute between the LLC and Post Union."[10]

Defendants' second argument is that because Plaintiffs sought legal advice regarding whether to adhere to a term of the existing LLC Agreement

---

[8] Mot. at 4–5.

[9] Telephonic Bench Ruling on Cross Mots. for J. on the Pleadings and Pls.' Mot. to Compel at 22.

[10] Mot. at 5.

(i.e., appointment of a designated manager), I should infer that Plaintiffs ceased to support the LLC Agreement and were thus adverse to White Energy. Again, this is not cause for reargument. Indeed, it appears Defendants did not think much of this argument when the motion to compel was argued given that it merited only passing treatment in a footnote in their opposition papers and was not mentioned at all during oral argument. In any event, seeking outside counsel on how (or even whether) to conform to the LLC Agreement did not render Plaintiffs adverse to White Energy. To the contrary, Standard General sought guidance on how to govern its behavior in accordance with the LLC Agreement. This behavior is laudable, not adversarial.

For these reasons, I remain satisfied that Defendants have failed to meet their burden of showing that Plaintiffs' consultation with outside counsel somehow rendered Plaintiffs adverse to White Energy such that Standard General's board designee should be denied access to White Energy documents.[11] Holding otherwise would set a dangerous precedent. By Defendants' lights, anytime a director sought

---

[11] *See Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992) (holding that the party asserting a privilege as a basis to withhold discovery bears the burden of demonstrating that the privilege "applies to a particular communication").

outside legal advice regarding matters before the board, the other directors could assert adversity and block access to information critical to effective board-level participation. That is not, or should not be, our law.

Defendants' last point is that Plaintiffs' privilege log reflects that Plaintiffs had begun discussions with outside counsel "in anticipation of litigation" against White Energy by the time certain documents subject to the motion to compel were created.[12] Defendants did not advance this argument in opposition to the motion to compel, despite having had access to the evidence upon which the argument rests (the privilege log) all along. Thus, on this basis alone, reargument is not proper.[13] Moreover, Defendants acknowledge that the log entries at issue reflect work product communications between Plaintiffs and outside counsel regarding the "Post Union and White Energy" litigation.[14] Without more, this is inadequate to evidence adversity between Plaintiffs and White Energy that would justify denying documents

---

[12] Mot. at 7.

[13] *Am. Legacy Found.*, 895 A.2d at 877.

[14] Pls.' Opp'n at 12–13.

to a White Energy board member, particularly given that Standard General was itself involved in litigation against Post Union at the same time.

SVP's Joinder depends solely on Defendants' arguments. It is, therefore, denied for the reasons stated above.[15]

For the foregoing reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[15] I note SVP's Joinder could be denied, alternatively, on the sole basis that it was untimely filed. According to Court of Chancery Rule 59(f), SVP's Joinder was required to be filed on November 8, 2018. It was filed on November 9, 2018.