**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: November 24, 2020
Date Decided: December 1, 2020

Kenneth J. Nachbar, Esquire
Miranda N. Gilbert, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Thomas E. Hanson, Jr., Esquire
William J. Burton, Esquire
Barnes & Thornburg LLP
1000 North West Street, Suite 1500
Wilmington, DE 19801

Re: *Epic/Freedom, LLC, et al. v. Aveanna Healthcare, LLC, et al.*
C.A. No. 2020-0908-JRS

Dear Counsel:

I have Defendants' Motion for Reconsideration of Scheduling Order Granting Expedited Proceedings (D.I. 24) (the "Motion") and Plaintiffs' Opposition to the Motion (D.I. 30). The Motion is denied. "A motion for reargument under Court of Chancery Rule 59(f) will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts so that the outcome of the decision would be

different."[1]  Reargument "is only available to re-examine the existing record,"[2] not to consider new evidence, entertain arguments not raised previously or rehash arguments already made.[3]  In other words, reargument motions may not be used to re-litigate matters already fully litigated or to present arguments or evidence that could have been presented before the court entered the order from which reargument is sought.[4]

The Motion fails to identify any controlling precedent or principal of law the Court overlooked in granting expedited scheduling.  Instead, it offers new

---

[1] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[2] *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995)).

[3] *Id.* ("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the existing record; therefore, new evidence generally will not be considered on a Rule 59(f) motion."); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants to relitigate claims already considered by the court,' or to raise new arguments that they failed to present in a timely way." (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*, 895 A.2d 874, 877 (Del. Ch. 2005)); *Miles*, 677 A.2d at 506 ("Where . . . the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

[4] Wright, Miller & Kane, *Federal Practice and Procedure: Civil* 2d § 2810.1 (2020).

arguments, based on purportedly new developments, that could have been advanced in opposition to Plaintiffs' Motion to Expedite had Defendants elected to withdraw their opposition/defenses to the so-called Tax Audit claim prior to the presentation of that motion. A motion for reargument (or "reconsideration") is not the proper vehicle through which to present Defendants' new arguments.

Defendants have moved to transfer the so-called Tax Refund claim back to the Superior Court (D.I. 29). The Court will consider Defendants' arguments with respect to this Court's subject matter jurisdiction in connection with that motion.

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*