**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: October 13, 2020
Date Decided: December 9, 2020

George H. Seitz, III, Esquire
R. Karl Hill, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Jeffrey S. Goddess, Esquire
Cooch and Taylor, P.A.
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801

> Re: *In re Happy Child World, Inc.*
> C.A. No. 3402-VCS

Dear Counsel:

In this consolidated breach of fiduciary duty and statutory appraisal proceeding, Petitioners Boraam Tanyous ("Tanyous") and Happy Child World, Inc. ("HCW" or the "Company") have moved for Reargument under Court of Chancery Rule 59(f) (the "Motion") following the Court's September 29, 2020, post-trial Memorandum Opinion (the "Opinion").[1] The Opinion was the culmination of

---

[1] *See* Pet'rs' Mot. for Rearg. (D.I. 419) ("Mot."); *In re Happy Child World*, 2020 WL 5793156 (Del. Ch. Sept. 29, 2020) ("Op."). Capitalized terms in this letter opinion assume the same meaning as the Opinion unless otherwise defined.

decade-long litigation between the parties, the particulars of which will be rehashed here only as necessary to explain the basis for my determination that the Motion must be denied.

## I. BACKGROUND

Medhat and Mariam Banoub (together, the "Banoubs") partnered with Tanyous to establish HCW in 2002.[2] The Banoubs initially operated HCW while Tanyous focused upon his business affairs abroad.[3] The parties' relationship progressively soured, culminating in a dispute over the parties' relative ownership stakes in HCW.[4] In 2008, this Court determined that Tanyous owned 55% and the Banoubs owned 45% of HCW.[5] Tanyous then assumed operation of HCW and, in 2012, executed a squeeze-out merger (the "Merger") whereby the Banoubs' ownership interests in HCW were extinguished.[6]

---

[2] Op. at *4.

[3] *Id.* at *4–5.

[4] *Id.*

[5] *Id.* at *5 (citing *Tanyous v. Happy Child World, Inc.*, 2008 WL 2780357, at *2–7 (Del. Ch. July 17, 2008)).

[6] *Id.* at *5–6.

The instant litigation is a consolidated action comprising numerous claims. Pertinent here, the Banoubs and Tanyous each brought claims for breach of fiduciary duty against the other derivatively on behalf of HCW, and the Banoubs sought an appraisal of the fair value of their HCW shares under 8 *Del. C.* § 262.[7]

In the Opinion, I determined the value of the competing derivative claims against both parties. I valued Tanyous' derivative claim against the Banoubs at $62,199.11 and the Banoubs' derivative claim against Tanyous at $20,099.19.[8] Having calculated the value of HCW's litigation assets, I then determined the fair value of the Company's non-litigation assets and subsequently summed its litigation and non-litigation assets to appraise HCW's fair value as of the time of the Merger.[9] I determined the cumulative fair value of the Company to be $218,260.15, from which the Banoubs were awarded $98,217.07 as 45% equity owners.[10]   I then

---

[7] *Id.* at *6–7.

[8] *Id.* at *22–24.

[9] *Id.* at *24–32 (valuing HCW's non-litigation assets as of the Merger); *id.* at *33–34 (incorporating HCW's combined litigation assets into the fair value of HCW as of the Merger).

[10] *Id.* at *34.

subtracted from that amount what the Banoubs owed to HCW for the derivative claims against them, with the difference ($36,017.96) representing their final appraisal award (the "Appraisal Award").[11] I then awarded prejudgment interest on the Appraisal Award, compounded quarterly at the legal rate, in accordance with 8 *Del. C.* § 262(h).[12]

Two principles guided my calculation of the Appraisal Award. *First*, it is well-settled Delaware law that derivative claims are litigation assets to be valued in an appraisal, and the parties recognized this principle in their arguments.[13] Thus, the Appraisal Award is consistent with the parties' expectations.[14] *Second*, by

---

[11] *Id.*

[12] *Id.* After carefully reviewing the Opinion in consideration of the Motion, I detected a very minor mathematical error (~$0.23) that I correct here. The value of Tanyous' derivative claims against the Banoubs is $62,198.61 ($49,227.50 + $12,971.11). HCW's combined litigation assets are, therefore, $82,297.80 ($62,198.61 + $20,099.19), and HCW's non-litigation assets are $135,961.75. Thus, the cumulative fair value of HCW as of the Merger is $218,259.55, translating to $98,216.80 to the Banoubs as 45% equity owners. Adjusting the Banoubs' share for their liability to HCW ($98,216.80 - $62,198.61), the corrected Appraisal Award, $36,018.19, should be reflected in the proposed final judgment submitted by the parties.

[13] *Id.* at *8 n.91.

[14] *Id.*

deducting the value of the claims against the Banoubs from their appraisal award, the Court avoided a double recovery problem by ensuring the Banoubs, in effect, paid what they owed to HCW.[15]

In his Motion, Tanyous' lone argument is that the Court erred by awarding prejudgment interest to the Banoubs on the Appraisal Award because the award allows them to benefit from their wrongdoing.[16]  I address this argument below.

## II. ANALYSIS

Under Court of Chancery Rule 59(f), "[a] motion for reargument . . . will be denied unless the court has overlooked a controlling decision or principle of law that would have controlling effect, or the court has misapprehended the law or the facts

---

[15] Op. at *33, n.353.  *See also Wilmont Homes, Inc. v. Weiler*, 202 A.2d 576, 580 (Del. 1964) ("[O]nce a right to relief in Chancery has been determined to exist . . . [the court can] shape and adjust the precise relief to be granted so as to enforce particular rights and liabilities legitimately connected with the subject matter of the action."); *In re Oxbow Carbon LLC Unitholder Litig.*, 2018 WL 3655257, at *2 (Del. Ch. Aug. 1, 2018) ("The Court of Chancery has broad latitude to exercise its equitable powers to craft a remedy.  The court's remedial powers are complete to fashion any form of equitable and monetary relief as may be appropriate and 'to grant such other relief as the facts of a particular case may dictate.") (citations and internal quotations omitted).

[16] Mot. at ¶ 3.

so that the outcome of the decision would be different."[17]  Reargument motions may

not be used to re-litigate matters already litigated or to present arguments or evidence

that could have been presented before the court entered the order from which

reargument is sought.[18]  Stated differently, a motion for reargument may not rehash

old arguments or invent new ones.[19]

8 *Del. C.* § 262(h) governs prejudgment interest in appraisal proceedings,

and it provides in pertinent part:

> *Unless the Court in its discretion determines otherwise for good cause
> shown*, and except as provided in this subsection, interest from the
> effective date of the merger through the date of payment of the

---

[17] *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs.*,
2008 WL 2133417, at *1 (Del. Ch. May 21, 2008).

[18] 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1
(3d ed. 2019).

[19] *See Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch.
Dec. 31, 2007) (citing *Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995))
("Reargument under Court of Chancery Rule 59(f) is only available to re-examine the
existing record; therefore, new evidence generally will not be considered on a Rule 59(f)
motion."); *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581,
at *1 (Del. Ch. Mar. 4, 2010) ("[A] motion for reargument is 'not a mechanism for litigants
to relitigate claims already considered by the court,' or to raise new arguments that they
failed to present in a timely way.") (quoting *Am. Legacy Found. v. Lorillard Tobacco Co.*,
895 A.2d 874, 877 (Del. Ch. 2005)).

> judgment *shall be* compounded quarterly and shall accrue at 5% over the Federal Reserve discount rate . . . .[20]

This Court presumptively awards prejudgment interest in statutory appraisal proceedings.[21] An interest award in an appraisal action is "neither intended to be punitive nor to increase the statutory recovery of the principal award."[22] Rather, "[t]he appraisal petitioner receives [an interest award] to compensate for her temporary inability to invest in the market, through the date of payment of 'the judgment.'"[23] Therefore, "the General Assembly has, in enacting Section 262(h), determined that the appropriate way to compensate appraisal petitioners for their lost investment opportunity" is "to award them interest in the amount of five percent over

---

[20] 8 *Del. C.* § 262(h) (emphasis added). I note that neither the Motion nor the response to the Motion cite to the governing statute.

[21] In fact, as best I can discern, this Court has never found good cause to deny an award of prejudgment interest in the absence of bad faith or vexatious litigation conduct. *See, e.g.*, *Huff Fund Inv. P'ship v. CKx, Inc.*, 2014 WL 545958 (Del. Ch. Feb. 12, 2014) (noting interest might be denied upon "a demonstration of bad faith or vexatious litigation"), *aff'd*, 2015 WL 631586 (Del. Feb. 12, 2015).

[22] *Gonsalves v. Straight Arrow Publ'rs, Inc.*, 2002 WL 31057465, at *9 (Del. Ch. Sept. 10, 2002) (citations and internal quotations omitted).

[23] *Huff Fund Inv. P'ship*, 2014 WL 545958, at *3.

the Federal Reserve discount rate through the payment of a final judgment."[24] In exercising its discretion "to deviate from the statutory formula," this court should be satisfied, upon "a consideration of circumstances at the end of the process . . . that an award at the statutory rate would be unjust."[25]

Tanyous' argument rests on a fundamental misunderstanding of the manner in which the Court calculated the Appraisal Award. Of course, consistent with Section 262(h), the Banoubs would not be entitled to prejudgment interest on amounts they possessed throughout the litigation because they were free to "invest [those funds] in the market, through the date of payment of 'the judgment.'"[26] The Banoubs, however, did not have access to their *pro rata* share of the fair value of HCW's non-litigation assets during this proceeding. They also did not have access to their *pro rata* share of the value of the derivative claims against Tanyous. Awarding prejudgment interest on those amounts is therefore consistent with the policy animating Section 262(h). Thus, the only bona fide question raised by the

---

[24] *Id.*

[25] *Id.*

[26] *Id.*

Motion is whether the Banoubs are entitled to prejudgment interest on any component of the Appraisal Award reflecting the value of the derivative claim that Tanyous (on behalf of HCW) has prevailed on and recovered from the Banoubs.

I agree in principle that Section 262(h) would preclude prejudgment interest on amounts owed by the Banoubs to HCW for their fiduciary breaches because the Banoubs possessed that money (wrongfully) throughout the litigation. But, as explained below, *none* of the Banoubs' final award reflects amounts owed (or indirectly paid) by the Banoubs.

As noted above, correcting for a minor rounding error, the Appraisal Award recognizes that the value of Tanyous' derivative claims against the Banoubs for compensation-related damages is $49,227.50,[27] which leads to a total value of Tanyous' derivative claims against the Banoubs of $62,198.61 ($49,227.50 + $12,971.11). The value of HCW's combined litigation assets as of the Merger was $82,297.80 ($62,198.61 + $20,099.19), and the value of HCW's non-litigation assets was $135,961.75.[28] Thus, the cumulative fair value of HCW as of the Merger was

---

[27] Op. at *15.

[28] Op. at *22.

$218,259.55, with the Banoubs' 45% share equaling $98,216.80 ($218.259.55 * 0.45). Adjusting for the Banoubs' share of their liability to HCW ($98,216.80 - $62,198.61), the Appraisal Award is $36,018.19.

With these values and calculations in hand, the rationale for the Court's prejudgment interest award is clear. Simply put, to calculate the Appraisal Award, I subtracted what the Banoubs owed (i.e., their liability to HCW for their fiduciary breaches) from what they were due (i.e., the fair value of their appraised shares). As noted, I began by summing the value of HCW's non-litigation ($135,961.75) and litigation ($82,297.80) assets to derive the total fair value of HCW as of the Merger ($218,259.55). And, as noted, the litigation assets were the sum of the $62,198.61 judgment against the Banoubs plus the $20,099.19 judgment against Tanyous. The Banoubs' 45% share of HCW's total fair value, therefore, was $98,216.80. To be clear, that $98,216.80 amount included the Banoubs' 45% share of their own fiduciary breaches ($62,198.61 * 0.45 = $27,989.37).

Importantly, as the final step in the calculation of the Appraisal Award, I subtracted out the $62,198.61 sum owed by the Banoubs to HCW in order to arrive at the final Appraisal Award ($36,018.19). At base, Tanyous' confusion over

prejudgment interest stems from what that subtracted amount represents. By definition, that sum is the combination of (1) Tanyous' 55% share of the Banoubs' liability to HCW ($34,209.24) and (2) the Banoubs' 45% share of their own liability to HCW ($27,989.37). Thus, while I initially calculated HCW's total appraised value and the Banoubs' pro rata share of HCW ($98,216.80) to include the money owed by the Banoubs to HCW for their fiduciary breaches, I subsequently subtracted from that amount the Banoubs' liability to HCW ($62,198.61). For that reason, none of the $36,018.19 representing the final Appraisal Award reflects any portion of the $62,198.61 wrongfully held by the Banoubs throughout the litigation.

This method of calculating the Appraisal Award incorporated into HCW's fair value its litigation assets while avoiding double-recovery. Because the entirety of the final Appraisal Award reflects money the Banoubs were deprived from accessing throughout the litigation, prejudgment interest was rightfully awarded. The legal rate of interest, compounded quarterly, shall accrue on this $36,018.19 amount from the date of the Merger until the date of payment. The parties shall confer and submit a final judgment and order to the Court within the next fourteen (14) days.

For the foregoing reasons, the Motion for Reargument is DENIED.

**IT IS SO ORDERED**.

Very truly yours,

*/s/ Joseph R. Slights III*