# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: October 18, 2021
Date Decided: November 8, 2021

Daniel K. Astin, Esquire
Ciardi Ciardi & Astin
1204 North King Street
Wilmington, DE 19801

Thaddeus J. Weaver, Esquire
Dilworth Paxson LLP
One Customs House
704 King Street, Suite 500
Wilmington, DE 19801

Nathan A. Cook, Esquire
Block & Leviton LLP
3801 Kennett Pike, Suite C-305
Wilmington, DE 19807

Kurt M. Heyman, Esquire
Melissa N. Donimirski, Esquire
Aaron M. Nelson, Esquire
Heyman Enerio Gattuso & Hirzel LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Peter B. Andrews, Esquire
Craig J. Springer, Esquire
David M. Sborz, Esquire
Andrews & Springer, LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

Kevin H. Davenport, Esquire
Samuel L. Closic, Esquire
John G. Day, Esquire
Elizabeth Wang, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801

David E. Ross, Esquire
R. Garrett Rice, Esquire
Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

Jon E. Abramczyk, Esquire
Alexandra M. Cumings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Blake A. Bennett, Esquire
Cooch and Taylor, P.A.
1000 West Street, 10th Floor
Wilmington, DE 19801

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 2

Re:   *Robert A. Feuer v. Mark Zuckerberg, et al.*
        C.A. No. 2019-0324-JRS
        *In re Facebook, Inc. Derivative Litigation*
        Consolidated C.A. No. 2018-0307-JRS

Dear Counsel:

Plaintiff, Robert A. Feuer, has filed a Motion for Reargument or Reconsideration (the "Motion") with respect to this Court's Memorandum Opinion (the "Opinion") issued October 5, 2021.[1]   The Opinion (1) denied Facebook's motion to consolidate Feuer's "demand made" derivative action with related consolidated "demand futility" actions, and (2) stayed Feuer's action pending resolution of anticipated motion(s) to dismiss the operative demand futility complaint.  For the reasons stated below, the Motion is denied.

The Court will deny a motion for reargument "unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision

---

[1] *Feuer v. Zuckerberg*, 2021 WL 4552160 (Del. Ch. Oct. 5, 2021) (the "Opinion") (D.I. 94) (C.A. 2019-0324-JRS).

*Robert A. Feuer v. Mark Zuckerberg, et al.*
 C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
 Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 3

would be affected."[2] "Where the motion merely rehashes arguments already made by the parties and considered by the Court when reaching the decision from which reargument is sought, the motion must be denied."[3]

Feuer argues the Court erroneously failed to consider the impact of our Supreme Court's recent decision in *United Food v. Zuckerberg* in holding that the consolidated demand futility action should proceed ahead of his demand made action.[4] He contends that *United Food* adopted a new unified standard for pleading demand futility that is more difficult to satisfy than the previously prevailing *Aronson*/*Rales* standards, and he also suggests that the Supreme Court has now

---

[2] *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985).

[3] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016) (citing *Lewis v. Aronson*, 1985 WL 21141, at *2 (Del. Ch. June 7, 1985)); *see also Miles, Inc. v. Cookson Am., Inc.*, 677 A.2d 505, 506 (Del. Ch. 1995) ("Where, as here, the motion for reargument represents a mere rehash of arguments already made at trial and during post-trial briefing, the motion must be denied.").

[4] *United Food and Com. Workers Union & Participating Food Indus. v. Zuckerberg*, — A.3d —, 2021 WL 4344361 (Del. 2021). The parties refer to this decision as "*United Food*," presumably to avoid confusion with the claims in this litigation also asserted against Mark Zuckerberg. I will do the same.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 4

confirmed in *United Food* that the Facebook board of directors (the "Board") is not disabled from considering a stockholder demand to assert claims against Mr. Zuckerberg.[5] Feuer already made both arguments while opposing the motion to stay his case.[6] While he is correct that the Opinion did not overtly address the arguments, the arguments were, in fact, considered by the Court and rejected.[7] Because the Motion simply "rehashes arguments already made" to and rejected by the Court, it presents no basis for reargument under Chancery Rule 59(f).[8] For the

---

[5] Pl. Robert A. Feuer's Mot. for Reargument or Recons. (the "Motion") ¶¶ 2, 6–10, 12–13, 16, 18 (D.I. 95) (C.A. 2019-0324).

[6] Ltr. to V.C. Slights from Daniel K. Astin, Esq. (D.I. 90) (C.A. 2019-0324); *In re Facebook, Inc. Deriv. Litig.*, Consol. C.A. No. 2018-0307-JRS, at 10, 30 (Del. Ch. Sept. 30, 2021) (TRANSCRIPT).

[7] Opinion at *5 (recognizing that the pleading standard confronting a demand made plaintiff remains more onerous than the standard confronting a demand futility plaintiff: "Of the two potential routes presented by Rule 23.1—pleading demand excusal with particularity or making a pre-suit demand—the former is a steep road, but the latter is steeper yet." (internal quotation marks and citation omitted)).

[8] *USES Hldg. Corp.*, 2016 WL 1436594, at *1.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 5

sake of completeness, however, I will address Feuer's argument under *United Food* more directly.

As this court has observed, *United Food* reframes the inquiry previously captured by the dual demand futility tests set forth in *Aronson* and *Rales*, but the unified test remains "consistent" with its progeny.[9]  The Supreme Court said as much in *United Food* itself.[10]  And, while it is true, as Feuer observes, that *United Food* now confirms what this court has been holding for years—that duty of care claims against a fiduciary who is exculpated under a corporation's charter, standing alone, cannot support a finding of demand futility—that holding will have

---

[9] *See Genworth Fin., Inc. Consol. Deriv. Litig.*, 2021 WL 4452338, at *11 (Del. Ch. Sept. 29, 2021); *Patel v. Duncan*, 2021 WL 4482157, at *18 (Del. Ch. Sept. 30, 2021).

[10] *United Food*, 2021 WL 4344361, at *16 ("Blending the *Aronson* test with the *Rales* test is appropriate because both address the same question of whether the board can exercise its business judgment on the corporation's behalf in considering demand; *and the refined test does not change the result of demand-futility analysis*.") (cleaned up) (emphasis added); *id.* at *16 n.169 (showing how the analysis as applied in one situation is similar under both *Aronson* and the new demand futility framework); *id.* at *17 (observing that because the new "three-part test is consistent with and enhances *Aronson*, *Rales*, and their progeny, the Court need not overrule *Aronson* to adopt this refined test, and cases properly construing *Aronson*, *Rales*, and their progeny remain good law").

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 6

absolutely no bearing on the outcome of the demand futility analysis in this case.[11]

Breach of loyalty claims—the primary claims asserted in the consolidated demand

futility complaint—are not subject to exculpation.[12]  And, inasmuch as Count I of

the complaint brings duty of care claims against Zuckerberg, Sandberg and

---

[11] *Id.* at *12 ("[T]his Court affirms the Court of Chancery's holding that exculpated care claims do not satisfy *Aronson*'s second prong . . .  When *Aronson* was decided, raising a reasonable doubt that directors breached their duty of care exposed them to a substantial likelihood of liability and protracted litigation, raising doubt as to their ability to impartially consider demand.  The ground has since shifted, and exculpated breach of care claims no longer pose a threat that neutralizes director discretion."); *id.* at *10 ("[T]he weight of Delaware authority since the enactment of Section 102(b)(7) supports holding that exculpated care violations do not excuse demand under *Aronson*'s second prong.").

[12] *See, e.g.*, *Malpiede v. Townson*, 780 A.2d 1075, 1094 (Del. 2001) ("A plaintiff must allege well-pleaded facts stating a claim on which relief may be granted.  Had a plaintiff alleged such well-pleaded facts supporting a breach of loyalty or bad faith claim, the Section 102(b)(7) charter provision would have been unavailing as to such claims . . . ."); Second Am. and Consol. Verified S'holder Deriv. Compl. ("Compl.") ¶¶ 665–76 (D.I. 242) (C.A. 2018-0307).

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 7

Papamiltiadis as officers, those claims, by statute, are also not subject to exculpation.[13]

Although unclear, it appears Feuer would have the Court conclude that the finding in *United Food* that demand was not excused *in that case* will somehow be binding on this Court as it considers demand futility with respect to the claims asserted *in this case*.[14] The Opinion did not address that argument because it was (and is) patently unpersuasive. To be clear, the claims addressed in *United Food* have absolutely no relationship to the claims asserted here. And Feuer has offered no credible reason to conclude, or even suspect, that this Court will be bound by the demand futility determination made in an entirely separate case, involving different

---

[13] *See* Compl. ¶¶ 665–69; 8 *Del. C.* § 102(b)(7); *Firefighters' Pension Sys. of Kan. City, Mo. Tr. v. Presidio, Inc.*, 251 A.3d 212, 286 (Del. Ch. 2021) ("Section 102(b)(7) only applies to directors.").

[14] Motion ¶ 10 ("*United Food* has particular significance here because, in that opinion, the Supreme Court analyzed and rejected demand futility as to the Board of Directors of Facebook. As such, the decision is highly material with respect to the ability of the demand-futile plaintiffs here to overcome a Rule 23.1 motion to dismiss.").

.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 8

claims, different plaintiffs, different defendants and entirely different bases to argue, on both sides, how the three questions posed in *United Food* should be answered.[15]

After carefully considering the parties' arguments on consolidation and sequencing, the Court concluded that consolidation of the demand futility case and Feuer's demand made case was unwarranted because "demand-made-and-refused and demand-futile cases are subject to a different legal analysis," a proposition and result with which Feuer agreed.[16] Then, in determining which case should proceed first, the Court declined to adopt a rule that would always place demand futility claims ahead of demand made claims when both arise from the same facts, concluding that any such *per se* rule would "blunt the optionality of Rule 23.1."[17]

---

[15] While there is overlap, there are defendants named in the consolidated complaint brought here who were not named in *United Food*.

[16] Opinion at *4 (citing Robert A. Feuer's Opp'n to the Facebook Defs.' Mot. to Consol. ¶ 6 (D.I. 81) (C.A. No. 2019-0324)).

[17] *Id.* at *5.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 9

Instead, the Court held that "when a complaint that makes a bona fide attempt to plead demand futility is presented alongside a complaint that implicitly acknowledges the independence of the board, it makes sense to allow the demand futility allegations to be tested before addressing the demand-refused complaint" because "[i]f the demand futility allegations survive the challenge, that finding alone will likely inform the court's determination of which plaintiff's team has made the better strategic decisions."[18]  After carefully assessing Feuer's bid for reargument, for the reasons already stated, I remain satisfied that, as a matter of case management, the Opinion correctly sequenced the presentation of the claims in the *Feuer* and consolidated demand futility cases.  Thus, I cannot agree that "the Court has overlooked a decision or principle of law that would have a controlling effect or [that] the Court has misapprehended the law or the facts so that the outcome of the decision would be affected."[19]

---

[18] *Id.* at *6.

[19] *Stein*, 1985 WL 21136, at *2.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 10

Feuer also contends that the Court erred when it determined no prejudice would result from a stay of his case. But Feuer did not (and does not) articulate why the stay would prejudice him or Facebook, the company he seeks to represent. A general statement that unidentified witnesses may leave, die or have their memories fade while the other case proceeds—made for the first time in the Motion—does not suffice.[20] The Opinion set forth the reasons why a stay was not only justified in this case but good policy for future cases.[21]

Finally, I am not persuaded that the particular circumstances of Facebook's alleged rejection of Feuer's demand by silence change any of the foregoing analysis.[22] Feuer's demand on the Facebook Board "tacitly concede[d] the

---

[20] Motion ¶ 17; *see inTEAM Assocs., LLC v. Heartland Payment Sys., Inc.*, 2016 WL 6819734, at *2 (Del. Ch. Nov. 18, 2016) ("A party may not present a new argument for the first time in a motion for reargument.").

[21] Opinion at *5–6.

[22] Feuer appears to argue that because the Board allegedly ignored his demand, his complaint should be viewed differently than a typical demand-refused complaint. Motion ¶¶ 14–15; *see id.* ¶ 14 n.4 ("Mr. Feuer's Complaint alleges that the Facebook Board's failure to respond to the pre-suit written demands in any way is *prima facie* and *per se* a wrongful refusal."). But "[w]here the board fails to accede to the plaintiff's

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 11

disinterest and independence of the board to respond."[23]  For their part, the demand

futility plaintiffs have endeavored to challenge the disinterestedness or

independence of a majority of the Board, both in connection with their demand

futility allegations and in their allegations that the defendants breached their duty

of loyalty.[24]  I remain convinced that these allegations should be vetted at the

---

demand to take corrective action *or does not respond to such demand*, Rule 23.1 requires the plaintiff to plead with particularity why that failure to accede *or respond* is wrongful." 3 Robert S. Saunders et al., *Folk on the Delaware General Corporation Law*, § 327.04[C][1], 13-203 (7th ed. 2021) (emphasis added).  "[A] board has no obligation to take any specific type of action to comply with a demand under Rule 23.1.  The board may, for example, ignore the demand . . . if, in the exercise of its good faith judgment . . . the corporation's interests would be served thereby."  *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1240 (Del. Ch. 1987).  Whether the demand was refused or ignored, Feuer must make "particularized allegations which would raise a reasonable doubt that the Board's decision to reject the demand was the product of a valid business judgment." *Grimes v. Donald*, 673 A.2d 1207, 1220 (Del. 1996), *overruled in part on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000).  Thus, although the fact that the Board failed to respond to a demand might be relevant in an argument that the Board's decision was not the product of a valid business judgment, contrary to Feuer's argument, it is not our law that ignoring a demand is *per se* a wrongful refusal.

[23] Opinion at *5 (citation omitted).

[24] Compl. ¶¶ 562–662.

*Robert A. Feuer v. Mark Zuckerberg, et al.*
  C.A. No. 2019-0324-JRS
*In re Facebook, Inc. Derivative Litigation*
  Consolidated C.A. No. 2018-0307-JRS
November 8, 2021
Page 12

pleading stage before determining whether Feuer's demand made claims should proceed.[25]

Based on the foregoing, the Motion must be DENIED.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[25] *Id*. at *6.